# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Case No. CR-20-050-JFH |
| JIMCY McGIRT, | |
| *Defendant.* | |

## <u>GOVERNMENT'S NOTICE OF INTENT TO ADMIT</u>
## <u>EVIDENCE OF OTHER CHILD MOLESTATION</u>

Respectfully submitted,

BRIAN KUESTER
United States Attorney

s/    <u>Sarah McAmis</u>
SARAH McAMIS, OBA # 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100

September 15, 2020

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE CASE AND FACTS…………………………………………………1

ARGUMENT AND AUTHORITIES…………………………………………………………...3

     I.     FEDERAL RULE OF EVIDENCE 404B…………………………………………………..3

     II.    FEDERAL RULE OF EVIDENCE 414………………………………………………......4

ANALYSIS OF THE EVIDENCE OF OTHER CHILD MOLESTATION IN THE CASE AT BAR…………………………………………………………………………….......10

CONCLUSION………………………………………………………………………………..18

## TABLE OF AUTHORITIES

**Federal Cases**

*United States v. Benally*,
500 F.3d 1085 (10th Cir. 2007)……………………………………6, 8, 11, 12, 13, 14, 16, 17

*United States v. Burgess*,
576 F.3d 1078, 1098 (10th Cir. 2009)……………………………………………………….3

*United States v. Castillo*,
140 F.3d 874 (10th Cir. 1998)………………………………………………………………..6

*United States v. Enjady*,
134 F.3d 1427 (10th Cir. 1998)…………………………………………………………..…..10

*United States v. Guardia*,
135 F.3d 1326 (10th Cir. 1998)………………………………………………………………6

*United States v. Koruh*,
2000 U.A. App. LEXIS 13210, *2, (unpublished)…………………………………8,  12, 13, 15

*United States v. Magnan*,
2018 U.S. App. LEXIS 33353, (unpublished)………………………………10,  12, 13, 14, 15, 17

*United States v. McHorse*,
179 F.3d 889 (10th Cir. 1999)……………………………………………………………….6

*United States v. Meacham*,
115 F.3d 1488, 1490 (10th Cir. 1997)……………………………………..……………5, 6, 12, 16

*United States v. Mercer*,
653 Fed.Appx. 622 (10th Cir. 2016)………………………………………………9, 11, 12, 13, 14

*United States v. Tan*,
254 F.3d 1204, 1208 (10th Cir. 2001)………………………………………………………….3

*United States v. Zamora*,
222 F.3d 756, 762 (10th Cir.2000)…………………………………………………………..4


**Other Authorities**

Federal Rule of Evidence  404(b)……………………………………………………3, 4, 5, 6, 17, 18

Federal Rule of Evidence  414………………..…1, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18

ii

"Congressional Discussion" of Rules 413 and 414……………………………………………....4

## GOVERNMENT'S NOTICE OF INTENT TO ADMIT
## EVIDENCE OF OTHER CHILD MOLESTATION

COMES NOW, the United States of America, by and through United States Attorney Brian J. Kuester, and Assistant United States Attorney Sarah McAmis, and hereby gives Notice to the Defendant of its intent to offer evidence of other child molestation during the jury trial of the case at bar and pursuant to the Federal Rules of Evidence, Rule 414.

## STATEMENT OF THE CASE AND FACTS

On July 31, 2020, the Government filed a Complaint against the Defendant. (Doc. 1). An Initial Appearance was held on August 14, 2020. (Doc. 7). The Defendant was indicted on August 17, 2020. (Doc. 12). A Detention Hearing was held on August 25, 2020. (Doc. 22). The Defendant filed his Motion in Limine on September 8, 2020. (Doc. 25). A Superseding Indictment was filed against the Defendant on September 14, 2020. (Doc. 32).

The Defendant is a 71-year-old man who sexually abused three children in the late 1980's and 1990's when he was in his 40's. He has been incarcerated in the Oklahoma Department of Corrections since 1997.

On December 29, 1988, the Defendant was charged with two counts of Forcible Oral Sodomy in Oklahoma County Case Number CF-1988-7088. On January 31, 1989, the Defendant entered guilty pleas. As part of the pleas, the Defendant wrote and swore to the following Summary of Facts:

> Count 1:     [D.G.] asked me for some more money, I gave him some the day before to do some work, I told him I would give him the money if he would allow me to put his penis in my mouth. I did this to 8 year old.

> Count 2:     [A.G.] came to me wanting money too. The next day I told him I would give him the money to let me put his penis in my mouth. I did this to the 5 year old.

On October 21, 1996, the Defendant was charged with one count of First Degree Rape by

1

Instrumentation, one count of Lewd Molestation, and one count of Forcible Sodomy in Wagoner County Case Number CF-1996-355. The victim, B.B., was four-years-old and the abuse was alleged to have occurred between on or about August 8, 1996 and August 15, 1996. The case proceeded to Jury Trial and the Defendant was found guilty of all three counts on June 24, 1997. He was sentenced to 500 years for the Rape, 500 years for the Molestation, and Life Without the Possibility of Parole for the Sodomy.

On July 9, 2020, the United States Supreme Court issued its opinion in the case of *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). The Mandate was issued on August 10, 2020. Pursuant to the Court's Ruling, the locations wherein the above listed sexual abuse of B.B. was committed by the Defendant became designated as a location within the territorial boundaries of the Muscogee (Creek) Nation reservation. The Defendant was indicted in the case at bar and on September 2, 2020, the Oklahoma Court of Criminal Appeals entered its Order Vacating the Defendant's Wagoner County conviction.

At the time of his crimes against B.B., the Defendant was married to B.B.'s grandmother, N.B. The couple remained married during the Defendant's jury trial and after his conviction. After he was in prison, McGirt sent his wife a letter wherein he apologized for the sexual abuse of B.B. and claimed that he had not been in his right mind and that the devil made him do it. The letter was a turning point, and N.B. initiated divorce proceedings. The divorce was granted on August 15, 2000.

At the time she received it, N.B. shared the letter with B.B.'s mother, D.K. B.B.'s mother read the contents of the original letter and she likewise recalls that the Defendant apologized and blamed his actions on the devil. Since then, the original letter has gone missing. The words and actions of the Defendant after his convictions in the Wagoner County case that has now become the case at bar bear a close resemblance to his words and actions in the Oklahoma County case

2

involving D.G. and A.G. As in the case at bar, the Defendant originally denied that he abused D.G. and A.G. He later admitted to abusing both boys, but made statements in which he sought to minimize his responsibility:

> I've pled guilty recognizing my need for psychiatric help. I am neither a homosexual or a habitual child molester. This incident was a first and last…At the time of the crime I was driven by a perverted sexual desire influenced greatly by the type of sexual stimulation I was receiving at home…Frustration after frustration caused me to turn from a compassionate loving father and husband to a stoney hearted self-centered man….

## ARGUMENT AND AUTHORITIES

### I.   FEDERAL RULE OF EVIDENCE 404(b)

The evidence of the Defendant's abuse of D.J. and A.J. should be admitted as FRE Rule 404(b) evidence. Federal Rule of Evidence 404. Provides in pertinent part:

> **(b) Crimes, Wrongs, or Other Acts.**
> **I.** *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **II.** *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> > **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > **(B)** do so before trial —or during trial if the court, for good cause, excuses lack of pretrial notice.

"Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009), citing *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). Fed. R. Evid. 404(b)(1) states evidence cannot be used if its only purpose is to expose "a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the evidence may be admitted as proof of "motive, opportunity, intent,

3

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Tenth Circuit Court requires a district court apply a four prong test to determine if the Rule 404(b) evidence is admissible. First, the court must determine if the evidence is offered for the proper purpose. Second, it must be relevant. Third, the court must determine, according to Rule 403, whether the probative value is substantially outweighed by its potential for unfair prejudice; and Fourth, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora,* 222 F.3d 756, 762 (10th Cir.2000).

## II.   FEDERAL RULE OF EVIDENCE 414

Cases which involve the sexual abuse of children are fundamentally different from most any other criminal case. The dynamics involved include everything from the secrecy and shame associated with sexual abuse, to the difficulties that children have in disclosing the abuse, to the nature of the family relationships. Congress recognized the unique issues encountered in these cases when it enacted Rule 414 of the Federal Rules of Evidence, entitled "Similar Crimes in Child Molestation Cases".

In the discussion leading up to the passage of Rule 414, the Principal House Sponsor addressed Congress about the intricacies of child sexual abuse cases. As set forth in the "Congressional Discussion" section describing the enactment of Rules 413 and 414, Representative Molinari spoke the following to Congress:

> Mr. Speaker, the revised conference bill contains a critical reform that I have long sought to protect the public from crimes of sexual violence – general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions….
> The proposed reform is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases it will affect. In child molestation cases,

for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant – a sexual or sadosexual interest in children – that simply does not exist in ordinary people.  Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration.  In such cases, there is a compelling public interest in admitting all significant evidence that will illumine the credibility of the charge and any denial by the defense….

The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule.  The presumption is in favor of admission.  The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects….

Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions.  No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses….

To implement the legislative intent, the courts must liberally construe these rules to provide the basis for a fully informed decision of sexual assault and child molestation cases, including assessment of the defendant's propensities and questions of probability in light of the defendant's past conduct.

Since Rule 414's enactment, the Tenth Circuit Court of Appeals on multiple different occasions has explained and upheld its use in cases involving the sexual abuse of a child.  In one of the first cases after the Rule was implemented, the court distinguished Rule 414's application from that of Rule 404(b).  In *United States v. Meacham*, 115 F.3d 1488, 1490 (10th Cir. 1997), the defendant was convicted of transporting a minor in interstate commerce with the intent to engage in sexual activity.  The defendant complained on appeal that the district court should not have allowed into evidence the allegations that he had also molested his two step-daughters some 30 years earlier.  Id.  Because Rule 414 had been newly enacted, the Tenth Circuit analyzed the admission of the evidence under both Rule 404(b) and Rule 414.  Id. at 1491.

5

The court first held that Rule 414 "provides a specific admissibility standard in sexual assault cases, replacing [Rule] 404(b)'s general criteria" and that it "supersede[s] in sex offenses the restrictive aspects of Rule 404(b)." Id. The court then recognized that pursuant to the language in Rule 414, "there is no time limit beyond which prior sex offenses by a defendant are inadmissible." Id. at 1492. The court also recognized that "clearly under Rule 414, the courts are to 'liberally' admit evidence of prior uncharged sex offenses." Id. In upholding the admission of the evidence that the defendant had previously molested his step-daughters, the court held that the evidence was admissible under both a Rule 404(b) analysis and a Rule 414 analysis and that the evidence was relevant to show the defendant's intent. Id. at 1492-1493.

Over the next ten years, the Tenth Circuit Court provided additional guidance for the trial courts to use when analyzing the prospective evidence under Rule 403 and when determining whether the probative value of the Rule 414 evidence was substantially outweighed by the danger of unfair prejudice. *See: United States v. Meacham,* 115 F.3d 1488 (10th Cir. 1997); *United States v. Guardia*, 135 F.3d 1326 (10th Cir. 1998); *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998); *United States v. Castillo*, 140 F.3d 874 (10th Cir. 1998); and *United States v. McHorse*, 179 F.3d 889 (10th Cir. 1999). In *United States v. Benally*, 500 F.3d 1085 (10th Cir. 2007), the court relied upon the above-listed cases and provided a framework for trial courts to use when determining the admissibility of Rule 414 evidence. The defendant was tried for the crime of Aggravated Sexual Abuse of a Minor under the age of 16 while in Indian Country and Rule 414 evidence was allowed that the defendant had molested four other girls between 20 and 40 years earlier. Id. at 1086 and 1088.

On appeal, the defendant argued that when conducting its analysis under Rule 403, the district court should have determined that the probative value of admitting the 414 evidence was substantially outweighed by the danger of unfair prejudice. Id. at 1089. The court first recognized

6

that Rule 414 was an exception to the general Rule 404 which normally "prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." Id. The court reiterated that "courts are to 'liberally' admit evidence of prior uncharged sex offenses" so that they can be "[c]onsistent with congressional intent regarding the admission of evidence tending to show the defendant's propensity to commit sexual assault or child molestation." Id. at 1090. The court then provided the three threshold requirements that a district court must consider and determine before admitting 414 evidence of prior sexual assault:

1) The defendant is accused of a crime involving sexual assault or child molestation,
2) The evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and
3) The evidence is relevant.

Id.

The inquiry by the court does not end once the three threshold requirements are met. The district court must then "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence. Id. The district court should consider:

1) How clearly the prior act has been proved,
2) How probative the evidence is of the material fact it is admitted to prove,
3) How seriously disputed the material fact is, and
4) Whether the government can avail itself of any less prejudicial evidence.

Id. (citations omitted and also referred to as the *Enjady* factors). When the district court is analyzing the probative dangers, it should consider:

1) How likely it is such evidence will contribute to an improperly-based jury verdict,
2) The extent to which such evidence will distract the jury from the central issues of the trial, and
3) How time consuming it will be to prove the prior conduct.

7

<u>Id.</u> The *Benally* Court continued to provide guidance to district courts by stating that when analyzing the probativeness of the evidence, the district court should non-exclusively consider:

    1) The similarity of the prior acts and the charged acts,
    2) The time lapse between the other acts and the charged acts,
    3) The frequency of the prior acts,
    4) The occurrence of intervening events, and
    5) The need for evidence beyond the defendant's and alleged victim's testimony.

<u>Id.</u> at 1090-1091.

    Using each set of the above guidelines, the court applied the facts of the *Benally* case. Ultimately, the court concluded that the 414 evidence was highly probative because of "the similarity between the current charge and the prior acts." <u>Id.</u> at 1091. The court also found that whether the current charged act occurred was "hotly disputed" and that "because of questions about the credibility of the child witnesses, there was no other evidence available to the defense that would be less prejudicial." <u>Id.</u> at 1092. Finally, the court discounted the defendant's argument that the only reason for the introduction of the evidence was to bias the jury, and instead reiterated that "[e]vidence of other similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes." <u>Id.</u> at 1093.

    In *United States v. Koruh*, 2000 U.A. App. LEXIS 13210, *2, (unpublished)[1], the Tenth Circuit again considered a defense argument that the Rule 414 evidence should not have been admitted because it occurred more than 16 years prior and it was prejudicial. In affirming the conviction, the court found that in this case of intra-family child sexual abuse, "the testimony of the alleged victims and the alleged perpetrator were in direct conflict." <u>Id.</u> at *8. The court found that the district court properly admitted the evidence because it was "probative because there were

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. 10th Cir. R. 32.1(A).

similarities between the alleged molestations" in that "[b]oth the alleged victims and the daughter are female and related to the defendant…the girls were each under the age of 12 years old at the time of the offense, and the molestations allegedly occurred in or near the defendant's homes." Id. at *13.

In 2016, the defendant in *United States v. Mercer*, 653 Fed.Appx. 622 (10th Cir. 2016), appealed his conviction on the grounds that evidence of the three children he had previously molested should not have been admitted pursuant to Rule 414. The defendant denied the underlying charge of possession of child pornography and alleged that someone else had downloaded the images onto his computer. Id. at 624. The court found that the defendant "vigorously denied that he was guilty" and "[t]he more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." Id. at 628.

In upholding the defendant's conviction, the court held that "Rule 414 evidence 'may be considered on any matter to which it is relevant', including the defendant's propensity. Congress did not require additional proof of propensity – the rule is based on the principle that evidence of child molestation is inherently probative of the propensity to commit other acts of child molestation or abuse, including child pornography offenses." Id. at 627-628. In so holding, the court upheld the admission of the 414 evidence because "the evidence is clearly probative of defendant's…intent, knowledge, and absence of mistake…because each involved prepubescent children." Id. at 628.

The court specifically disagreed with the defendant's proposition that the 414 evidence led the jury to convict him "because a bad person deserves punishment". Id. at 629. Instead the court found that "Rule 414 evidence will almost always have a profound impact on the jury and cause it to feel disgust toward the defendant. Congress knew that when it enacted [the Rule] and intended

to allow a fairly broad range of evidence to show the defendant's propensity." Id. at 629-630. The court opined that "[t]o hold otherwise would undermine Rule 414 entirely." Id. at 629.

Recently, in *United States v. Magnan*, 2018 U.S. App. LEXIS 33353, (unpublished), the Tenth Circuit provided further counsel on all of the factors that the trial court must weigh when considering 414 admissibility. The court held that when considering the *Enjady* factors, "no single factor is dispositive." Id. at *30. For instance, in the *Magnan* case, the court found that the "need for testimony outside of the charged conduct was minimal" and weighed "slightly against the government". Id. at *31. The court also found that "the amount of evidence regarding the charged conduct was so overwhelming in itself that [the 414] evidence surely would not be dispositive and most certainly did not need to be introduced". Id. at *32. The court made a finding that that factor also "slightly weighed against admission." Id. However, because "on balance" the sub-factors weighed in favor of admission, the probative value was not substantially outweighed by the danger of unfair prejudice and the evidence was properly admitted. Id. at *31 and *33.

## ANALYSIS OF THE EVIDENCE OF OTHER CHILD MOLESTATION IN THE CASE AT BAR

In the case at bar, the Defendant is accused of sexually abusing the victim when she was 4-years-old. The victim is now 28-years-old. It is through no fault of the victim that she must now testify again after 24 years. The Government is seeking to introduce evidence pursuant to Rule 414 that the Defendant also perpetrated and confessed to sexual abuse upon at least two (2) other children just eight years before the victim in the case at bar.[2]

As in the *Meachum* case, supra, the Government first argues that with respect to the Defendant's molestation of D.G. and A.G., the evidence is not restricted or prohibited by any time frame. The Government also argues that pursuant to *Meachum*, this Court should liberally admit

---

[2]The Defendant was only out-of-custody for five years before his abuse of B.B. He has been in-custody ever since.

the evidence of the Defendant's other sexual offenses and that the evidence should be admissible to show the Defendant's intent.

The Government submits that the evidence in the case at bar meets all of the criteria for admission as set forth in the *Benally* case, supra. Using the steps outlined by the Tenth Circuit Court of Appeals, the evidence of other child molestation offered herein is admissible as follows:

1) The defendant is accused of a crime involving sexual assault or child molestation,

    a. In the case at bar, the Defendant is accused of perpetrating sexual abuse upon the victim when she was 4-years-old.

2) The evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and

    a. The Defendant previously confessed to perpetrating sexual abuse upon a 5-year-old and an 8-year-old.

3) The evidence is relevant.

    a. The Government submits that the evidence that the Defendant perpetrated prior sexual abuse upon two separate children is highly relevant of his intent and that the admission of the evidence would be "[c]onsistent with congressional intent regarding the admission of evidence tending to show the defendant's propensity to commit sexual assault or child molestation."

Once this Court has made the preliminary finding that the three threshold requirements are met, this Court must then consider the following:

1) How clearly the prior act has been proved,

    a. In *Mercer*, 653 Fed.Appx. 622, 626 (2016), the court held that under this factor, "the district court must find 'that a jury could reasonably find that the 'other act' occurred by a preponderance of evidence."

11

b. In *Magnan*, 2018 U.S. App. LEXIS 33353, *30, (unpublished), the court found that "the victims gave detailed testimony regarding the sexual abuse – both charged and uncharged. Given the detailed testimony of the victims, we believe that there was sufficient evidence for the jury to conclude, by a preponderance of evidence, that the uncharged instances of child molestation occurred."

c. In the case at bar, the Defendant confessed in detail to the sexual abuse that he perpetrated on his other two (2) victims and provided an alleged excuse or justification for his actions.

2) How probative the evidence is of the material fact it is admitted to prove,

a. In *Koruh*, 2000 U.S. App. LEXIS 6126, *13, (unpublished), the court held that the evidence was probative because "there were similarities between the alleged molestations", including that all of the victims were related to the defendant and were under 12-years-old at the time, and the molestations occurred in or near the defendant's homes.

b. The Court in *Mercer*, 653 Fed.Appx. 622, 627 (10th Cir.), found that the 414 evidence was clearly probative of the defendant's propensity, and his intent, knowledge, and absence of mistake; in part because the prior molestations and the charged crimes were sufficiently similar because each involved prepubescent children.

c. In *Benally*, 500 F.3d 1085 (10th Cir. 1987), the court found that the proposed 414 evidence was highly probative because of the similarities between the current charges and the additional acts.

d. In *United States v. Meacham,* 115 F.3d 1488 (10th Cir. 1997), the court upheld the trial court's admission of 414 and held, "our case is different because the government had to prove intent to travel interstate to sexually abuse the minor relative and the stepdaughter's testimony suggests a similar pattern of sexual abuse of female minor relatives made possible by exploitation of familial authority.   Similarity of prior acts to the charged offense may outweigh concerns of remoteness in time."

e. There are a number of similarities in the case at bar between the abuse with the current victim and the additional acts alleged in this 414 Notice in that each involve children of a similar age and that each occurred in secret after the Defendant had access to the child.

3) How seriously disputed the material fact is,

    a. The Tenth Circuit in *Benally*, 500 F.3d 1085, 1092 (10th Cir. 2007), describes the alleged assault involved in that case as "hotly disputed".

    b. In *Magnan*, 2018 U.S. App. LEXIS 33353, *31, (unpublished), the court found that "[t]his factor goes to the nub of the case – Magnan vehemently denied that he was guilty and had the propensity to commit child sexual abuse."

    c. The Court in *Mercer*, 653 Fed.Appx. 622, 628 (10th Cir.), found that "[t]he more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility. Therefore, because Mercer denied the allegations and their implications vigorously, this factor weighed significantly against him."

    d. In *Koruh*, 2000 U.S. App. LEXIS 6126, *8, (unpublished), the court found that "the testimony of the alleged victims and the alleged perpetrator were in direct conflict."

    e. The allegations in the case at bar are likewise heavily contested. In his Motion filed on September 8, 2020, the Defendant accused the victim's mother of coaching her, he claimed that the victim's mother has a "history of manipulating witnesses and evidence", he accused the victim of saying another man also molested her, he claimed the victim did not suffer physical trauma, and asserted that the victim, her mother, and her deceased aunt all have a motive to lie. (Doc. 25).

4) Whether the government can avail itself of any less prejudicial evidence.

    a. In *Koruh*, 2000 U.S. App. LEXIS 6126, *12, (unpublished), the court found "less prejudicial evidence was insufficient because the testimony of the alleged victims and the alleged perpetrator was in direct conflict."

    b. When considering this factor, the *Benally* court, 500 F.3d 1085, 1091-1092 (10th Cir. 2007), held "[i]n completing its analysis of probativeness, the court turned to the government's need for the Rule 413/414 evidence and stated the government's reliance on child witnesses whose credibility would 'surely be challenged' necessitated the introduction of the prior acts evidence …because of the questions about the credibility of the child witnesses, there was no other evidence available to the defense that would be less prejudicial."

13

     c. In the case at bar, the Defendant has already challenged the victim's credibility and that of her mother, grandmother, and deceased aunt. It is anticipated this will continue during the jury trial. The Government asserts that it does not have less prejudicial evidence that it can avail itself of.

The next set of factors for this Court to consider when weighing the probative dangers of admitting the 414 evidence include the following:

1) How likely it is such evidence will contribute to an improperly-based jury verdict,

     a. In *Mercer*, 653 Fed.Appx. 622, 628 (10th Cir. 2016), the court found that the evidence would not contribute to an improperly-based verdict because the district court "would give limiting instructions 'at the time the testimony was given' and again prior to jury deliberations. Given that we assume juries follow their instructions, the court found the likelihood of an improper verdict was small."

     b. In *Benally,* 500 F.3d 1085, 1092-1093 (10th Cir. 2007), the court recognized that the 414 evidence was not "introduced to bias the jury; but rather, because that type of 'evidence was determined by Congress to be probative of a defendant's propensity to commit such crimes.'" Likewise, the Court found that "the risk of an improper jury verdict would be lessened by providing limiting instructions to the jury."

     c. *And see Magnan*, 2018 U.S. App. LEXIS 33353, *32, (unpublished), below in paragraph 3(c)(ii).

     d. In the case at bar, the Government will request that this Court give limiting instructions to the jury regarding the 414 evidence at the time it is admitted and before the jury deliberates. As such, the evidence will not contribute to an improperly-based jury verdict.

2) The extent to which such evidence will distract the jury from the central issues of the trial, and

     a. In the *Mercer*, 653 Fed.Appx. 622, 628 (10th Cir. 2016), case, the defendant argued that the admittance of the 414 evidence caused a risk of unfair prejudice. However, the court found that such a risk would be present every time such evidence was admitted and "[t]o hold otherwise would undermine Rule 414

14

entirely. Rule 414 evidence will almost always have a profound impact on the jury and cause it to feel disgust toward the defendant. Congress knew this when it enacted Rule 414 and intended to allow a fairly broad range of evidence to show the defendant's propensity…".

b. In *Koruh*, 2000 U.S. App. LEXIS 6126, *13, (unpublished), the court found that unfair prejudice would not likely result from the admission of the 414 evidence "because the jury has the option to disbelieve the Rule 414 testimony".

c. *And see Magnan*, 2018 U.S. App. LEXIS 33353, *32, (unpublished), below in paragraph 3(c)(ii).

d. In the case at bar, the Government submits that the proposed 414 evidence will not distract the jury from the central issues of the trial because this Court will issue limiting instructions, the jury will have the option to disbelieve the proposed 414 evidence, and because Congress knew that 414 evidence had the potential to be prejudicial but still dictated that it be liberally admitted.

3) How time consuming it will be to prove the prior conduct.

a. In *Mercer*, 653 Fed.Appx. 622, 628 (10th Cir. 2016), the court found that this criteria was met because "the testimony would be brief."

b. *And see Magnan*, 2018 U.S. App. LEXIS 33353, *32, (unpublished), below in paragraph 3(c)(ii).

c. In the case at bar, the Government's presentation of the evidence of the Defendant's other acts of child molestation will not be overly time consuming and will be presented in a concise manner. The evidence can be presented through the individual who took the Defendant's confession in the Oklahoma County case and a certified copy of the Defendant's hand written statement.

   ii. In *Magnan*, 2018 U.S. App. LEXIS 33353, *32, (unpublished), the court considered the above three factors together and found, "We do not believe, in a case which was centered on sexual abuse where there were multiple victims and a large amount of testimony going toward the charged conduct, that any of these three factors would preclude admission of the evidence."

15

Finally, when considering whether to admit the Government's requested 414 evidence, this Court should also non-exclusively consider:

1) The similarity of the prior acts and the charged acts,

   a. The Government submits that in the case at bar, the analysis for this factor is the same as the analysis for "How probative the evidence is of the material fact it is admitted to prove" and the Government's answers in "a-e" above.

2) The time lapse between the other acts and the charged acts,

   a. In *Meacham,* 115 F.3d 1488, 1495 (10th Cir. 1997), the court held that the "[s]imilarity of prior acts to the charged offense may outweigh concerns over remoteness in time." The court also held, "there is no time limit beyond which prior sex offenses by a defendant are inadmissible. Id. at 1492. In the *Meacham* case, the 414 evidence that was admitted had occurred more than 30 years prior. Id. at 1490.

   b. In *Benally,* 500 F.3d 1085, 1091 (10th Cir. 2007), the oldest proposed 414 evidence had occurred some forty years earlier. The court "acknowledged the significant time lapse …[and]…ultimately concluded, however, that the time lapse did not in itself negate the probative value of the testimony about the prior incidents and stated that the incidents were still 'highly probative', despite their age." Id. The court also reiterated "there is no time limit beyond which prior sex offenses by a defendant are inadmissible". Id.

   c. In *Mercer*, 653 Fed.Appx. 622, 628 (10th Cir. 2016), the 414 evidence had occurred during the previous decade; however, the court found "that the time lapse does not significantly affect the probative value of the evidence."

   d. In the case at bar, the Defendant was out-of-custody only five (5) years between the time he molested his first and second victim and the time when he molested his third victim. As the Tenth Circuit cases clearly dictate, the difference in time does not in any way affect the probative value of the evidence of the Defendant's other child molestation.

3) The frequency of the prior acts,

   a. The Defendant molested his first two victims on the consecutive days that he had access to them, on December 22 and 23, 1988.

He molested the victim in the case at bar over the course of the week that he had access to her, August 8 through 15, 1996.

4) The occurrence of intervening events, and

    a. In *Mercer*, 653 Fed.Appx. 622, 627 (10th Cir. 2016), the court held that "neither the frequency of the prior acts nor the occurrence of intervening events significantly affects the probative value."

    b. In *Magnan*, 2018 U.S. App. LEXIS 33353, *31, (unpublished), the court found that "[e]ach of the victims spoke extensively of the sexual abuse that occurred to them during the course of the trial related to charged and uncharged conduct. For the record, we are convinced that sub-factors one through four weigh in favor of admitting the testimony."

    c. In *Benally,* 500 F.3d 1085, 1093 (10th Cir. 2007), the defendant alleged that the prior acts had occurred when he was an alcoholic. The court found that the defendant "is correct that a change in his drinking habits may generally constitute an intervening circumstance…[however]…the change in Benally's drinking habits is not an adequate intervening circumstance requiring the exclusion of the prior acts testimony." The court also found that "there had been no intervening events between the first cluster of assaults, the alleged [414 evidence], and the charged conduct…to undermine the probative value of the evidence." Id. at 1091.

    d. In the case at bar, the Defendant sexually abused his first victims after he gained their trust and was able to be alone with them. He then sexually abused the victim after marrying her grandmother and being alone with her. The only intervening circumstance was the fact that the Defendant was incarcerated without access to children.

5) The need for evidence beyond the defendant's and alleged victim's testimony.

    a. The Government submits that in the case at bar, the analysis for this factor is the same as the analysis for "How seriously disputed the material fact is" and the Government's answers in "a-e" above.

While evidence of prior child molestation is admissible pursuant to Rule 414, this same evidence is also admissible pursuant to Rule 404(b) as proof of motive (the Defendant sexually

17

abused his victims for his sexual gratification), intent (the Defendant waited until he was alone with his victims so that he could sexually abuse them in secret), identity (the Defendant alleges it was another man who sexually abused the victim in the case at bar), and absence of mistake or accident (he purposefully sexually abused victims of a similar age and in a similar manner).

## CONCLUSION

For the above stated reasons, the Government requests the Court allow the admission of prior child molestation as relevant evidence pursuant to Rule 414 as well as Rule 404(b) for the purpose of motive, intent, identity, and absence of mistake or lack of accident.

Respectfully submitted,

BRIAN KUESTER
United States Attorney

s/    Sarah McAmis
SARAH McAMIS, OBA # 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2020, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Richard O'Carroll
Counsel for Defendant

s/    Sarah McAmis
SARAH McAMIS
Assistant United States Attorney

18