**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. CR-20-050-JFH |
| v. | ) | |
| | ) | |
| | ) | |
| JIMCY McGIRT, | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO
ADMIT EVIDENCE OF OTHER CHILD MOLESTATION AND REQUEST TO EXCLUDE
THE SAME**

The government seeks to admit prior act evidence of other child molestation under Rule 414 and Rule 404(b) ("the proposed evidence"). Both rules are subject to the Rule 403 balancing test. The proposed evidence is inadmissible because its limited probative value is substantially outweighed by a danger of unfair prejudice. Mr. McGirt respectfully requests that the Court enter an order barring the government's proposed evidence. In lieu of such a pre-trial ruling, Mr. McGirt respectfully requests that the Court reserve ruling on the admissibility of this evidence until after Mr. McGirt has cross-examined the alleged victim and other government witnesses.

**ARGUMENTS AND AUTHORITIES**

**I.     The Government's Proposed Prior Act Evidence is Inadmissible Under
Rule 414.**

Evidence under Rule 414 and its counterpart, Rule 413,[1] "carries great power" because these rules provide a unique "exception to the general prohibition against

---

[1] "Rule 413 and 414 serve the same purpose" and contain text that is identical but for Rule 413's application to offenses of "sexual assault" while Rule 414 applies to offenses of "child molestation." *United States v. Batton*, 602 F.3d 1191, 1197 (10th Cir. 2010); Fed. R. Evid. 413, 414

propensity evidence." *United States v. Grigsby*, No. CR-06-47-RAW, 2007 WL 9747765, at *1 (E.D. Okla. Jan. 26, 2007), *aff'd*, 272 F. App'x 738 (10th Cir. 2008).  As the Circuit has noted, Rule 414 evidence is "certainly suspect because of the risk that the jury will convict a defendant on the basis of uncharged behavior." *United States v. Castillo*, No. 98-2191, 1999 WL 569054, at *1 (10th Cir. Aug. 4, 1999) (citing *United States v. Enjady*, 134 F.3d 1427, 1430 (10th Cir. 1998)).

To safeguard against this risk, Rule 414 evidence is "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007)(quoting Fed. R. Evid. 403).  When assessing the Rule 403 balancing test, a district court must weigh "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence" against "1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *Benally*, 500 F.3d at 1090 (citing *Enjady*, 134 F.3d at 1433). "[N]o single factor is dispositive." *United States v. Mann*, 193 F.3d 1172, 1175 (10th Cir. 1999). "When the government seeks to introduce Rule 413 or 414 evidence, the district court has an obligation to fully evaluate the proffered evidence and make a clear record of the reasoning behind its findings as to whether the evidence survives the Rule 403 balancing test." *Benally*, 500 F.3d at 1091 (quotation omitted).

### A.  The Proposed Evidence Has Limited Probative Value.

In analyzing probative value under the second *Enjady* factor, a district court should consider the similarity between the prior act and the charged act, as well as the need for evidence to prove the charged conduct beyond the defendant's and alleged victim's testimony. *United States v. Batton*, 602 F.3d 1191, 1199 (10th Cir. 2010) (citing *Benally*, 500 F.3d at 1090-91. In this case, the second *Enjady* factor counsels strongly against admission.

### i. The Prior Acts and the Charged Acts Are Not Sufficiently Similar.

Oftentimes, the most significant factor in a court's determination that Rule 414 evidence is highly probative is the similarity between the current charge and the prior act. *See, e.g.*, *Benally*, 500 F.3d at 1091 ("Most significant in the court's determination that the evidence was highly probative was the similarity between the current charge and the prior acts."). Here, that factor precludes admission of the prior act evidence because Mr. McGirt's prior convictions are too dissimilar to the charged acts to have probative value that outweighs the significant unfair prejudice of the proposed evidence.

To be sure, when the prior acts and the charged acts constitute a clear pattern, the prior conduct may be admissible. So when the similarities between the prior and charged acts were "striking" and "obvious," *see, e.g.*, *Batton*, 602 F.3d at 1194-95, 1198 (concluding where the defendant was previously convicted of sexually abusing a fourteen-year-old boy who was a family friend and was accused of sexually abusing another fourteen-year-old boy, who was also a family friend, where the defendant took this boy to the movies, to dinner, and on numerous trips), or when the victims, the location, or the modus operandi are the same, such evidence may be admissible, *see, e.g.*, *Benally*, 500 F.3d at 1091 (finding probative value where the victims of the prior

and current allegations involved young females, mostly young female family members, the females were of a similar age, and many of the incidents, including the charged incident, involved either the use of force or a weapon); *Mann*, 193 F.3d at 1174 (finding probative value where all instances of alleged abuse involved the defendant's great nieces, all victims lived on or were regularly near the defendant's property during the period of the alleged abuse, the defendant allegedly began to abuse each of the girls at approximately the same age, and the defendant allegedly had vaginal intercourse with each girl); *United States v. McHorse*, 179 F.3d 889, 898 (10th Cir. 1999) (finding probative value where all instances involved the defendant's young nieces and neighbor, the alleged abuse occurred in the same manner and when the victims came to the defendant's home); *United States v. Meacham*, 115 F.3d 1488, 1491, 1495 (10th Cir. 1997) (finding probative value where all instances of alleged abuse involved young female relatives indicating a "pattern of sexual abuse of female minor relatives made possible by exploitation of familial authority"); *United States v. Koruh*, No. 99-2138, 2000 WL 342252, at *4 (10th Cir. Apr. 3, 2000) (finding probative value where all alleged victims were females, related to the defendant, under the age of 12, and the molestations occurred in or near the defendant's home).

But that case law precludes admissibility here, because Mr. McGirt's prior and alleged actions do not establish any such pattern. There is, for example, no "pattern" in the Mr. McGirt's alleged relationship with the complainants.  The prior acts involved boys who shared no familial relation with Mr. McGirt. The current charges involve a girl who was Mr. McGirt's step-granddaughter. The government does not allege a pattern of abusing young female victims, much less young female family members.

Nor is there any similarity among the locations: the prior incidents took place at Mr. McGirt's place of employment; in contrast, the charged conduct allegedly occurred in Mr. McGirt's home, where B.B. was staying.  And there is no "pattern" in the modus operandi.   The boys in the prior cases assisted Mr. McGirt with his work cleaning apartment units, and while in the units, Mr. McGirt propositioned the boys for conduct in exchange for money. In contrast, the charged conduct allegedly occurred while Mr. McGirt was caring for B.B.   The cases cited by the government -- including *Koruh*, *Benally*, and *Meacham* – are thus easily distinguishable.

The government's feeble attempts to manufacture a "pattern" merely highlight the weakness of their case.  The government argues, for example, that there is a pattern because the alleged acts "occurred in secret after the Defendant had access to the child." (Doc. 39 at 16).  But few allegations of child abuse happen in public places where the defendant lacks "access to the child."  If that sort of "similarity" sufficed to establish a "pattern," the pattern requirement would be emptied of all meaning.

The government goes further afield when it suggests that Mr. McGirt's post hoc conduct creates similarity. The government thus asserts that in both instances Mr. McGirt initially denied, but later admitted guilt, albeit while minimizing his responsibility. But we are aware of no precedent – and the government cites none – to support the suggestion that the relevant "pattern" involving prior and current acts can be established by how the defendant accepted (or refused to accept) responsibility.   Indeed, the Circuit's inquiry focuses on similarities regarding "the charged act," *see, e.g.*, *Benally*, 500 F.3d at 1091 (discussing the district court's determination that the 414 evidence was highly probative due to the "similarity between the current charge and the prior

acts"); *Mann*, 193 F.3d at 1174 ("As the district court found, the similarities between the prior acts and the charged acts are substantial."), and no reasonable construction of the term "charged act" includes the defendant's characterization of his role in the offense years after the event. The government's assertion is all the more troubling here, where the alleged admission of liability to the charged acts relies on a missing letter, which is different in form than any admission of liability regarding the prior acts.

Finally, we note that allegations of similarity are *especially* unpersuasive here, where Mr. McGirt took actions that disrupted any "pattern" the government perceives. *Cf. Benally*, 500 F.3d at 1093 (noting that a change in drinking habits may generally constitute an intervening circumstance). Here, between the time of the prior act and the current charge, Mr. McGirt underwent substantial training, including sex offender counseling, rational behavior training, and stress management and relaxation training. Any pattern was thus disrupted.

### ii. There is No Need for Additional Evidence because B.B is an adult available to testify.

Another principal focus of the analysis is the need for evidence "the need for evidence beyond the defendant's and alleged victim's testimony." *United States v. Magnan*, 756 F. App'x 807, 822 (10th Cir. 2018). That factor, too, counsels heavily in Mr. McGirt's favor: There is no need for prior act evidence here where the government intends to present the testimony of B.B., now 28 years old; allegedly corroborating witnesses such as her mother, aunt, and grandmother; and Mr. McGirt's purported confession.

Admission of the proposed evidence is inappropriate because the credibility concerns motivating the unique, "great power" of Rule 414 evidence are not present in

this trial. *See Grigsby*, 2007 WL 9747765, at *1. *Grigsby* is instructive. There, the court granted the defendant's motion for a new trial because of improper Rule 414 evidence. *Id.* at *1-2. The testimony of the alleged victim in the present indictment "was presented clearly and forthrightly for the jury's consideration." *Id.* at *1. "There is also a purported confession of the defendant, itself subject to challenge." *Id.* As such, the court ruled that prior act testimony that the defendant sexually abused one other girl on one occasion "added little except possible prejudicial effect." *Id.* In so ruling, the court explained that "[o]ne rationale for Rule 414 is that 'sex offense prosecutions frequently involve victim-witnesses who are traumatized and unable to effectively testify, and offenders who often have committed <u>many</u> similar crimes before their arrest on the charged crime.'" *Id.* at *1 n.2 (quoting *Enjady*, 134 F.3d at 1434). The court emphatically concluded that "[n]either aspect is present in the case at bar." *Id*.

Like *Grigsby*, this case does not present the typical concern that a child witness will be unable to testify effectively. There are no child witnesses here. B.B. is now 28 years old. Her current age alleviates the credibility concerns animating Rule 414. *Mann*, 193 F.3d at 1174 (noting that a victim witness "was seventeen at the time of trial" which "significantly increased the probative value of her testimony"). Moreover, the proposed evidence does not establish that McGirt committed "<u>many similar</u> crimes." Like *Grigsby*, the prior actions were infrequent, and, as stated above, the prior acts are not similar to the charged conduct. Finally, the present case likewise includes a "purported confession" in addition to other witnesses the government intends to present to corroborate B.B.'s testimony. As such, like *Grigsby*, additional prior act evidence is has little legitimate purpose here.

### III. The Prior Conduct is Not Probative of the Disputed Material Facts.

Further counseling against admissibility is the general irrelvance of the prior act evidence to the issue legitimately in dispute at the trial.  As the government noted, Mr. McGirt alleges that (1) B.B.'s mother influenced her testimony, (2) B.B.'s mother has a history of manipulating witnesses and evidence, (3) B.B. accused her aunt's boyfriend of touching her inappropriately, (4) a medical exam conducted after the alleged conduct revealed no evidence of physical trauma, and (5) B.B., her mother, and her aunt all have a motive to lie.

The proposed evidence is not probative because it has no bearing on these disputed material facts. *Cf. United States v. Willis*, 826 F.3d 1265, 1273 (10th Cir. 2016) (admitting prior act evidence under Rule 413 under the same *Enjady* assessment where the material fact of whether the defendant used force to overcome lack of consent "was the only issue and was hotly disputed" at trial, and the defendant likewise "disregarded the lack of consent of the female[s]" involved in the two substantially similar prior acts). Mr. McGirt pleaded guilty to his prior offenses. He did not accuse the victims or their family of lying, claim that another man abused the boys, nor point to evidence suggesting that there was no proof of assault.  As such, the proposed evidence has minimal probative value to assist the jury in assessing the charged conduct.

### B. The Government Has Less Prejudicial Evidence to Prove the Charged Conduct.

The fourth *Enjady* factor asks whether the government can prove the charged crime with evidence less prejudicial than the proposed Rule 414 evidence. *Enjady*, 134 F.3d at 1433. Courts have recognized this factor weighs in favor of admissibility where, "because of questions about the credibility of the child witnesses, there was no other

evidence available to the defense that would be less prejudicial." *Benally*, 500 F.3d at 1092. But this trial does not present the same questions of credibility. As noted above, there are no child witnesses in this case. B.B. is 28 years old. Her testimony will allegedly be corroborated by witnesses including her family members and Mr. McGirt's purported confession. As such, the proposed evidence need not be introduced. *See Magnan*, 756 F. App'x at 822 (agreeing with the government that the fourth *Enjady* factor did not weigh in favor of admissibility where the government had significant evidence regarding the charged conduct such that the Rule 414 evidence "most certainly did not need to be introduced").

Even if the Court were to admit the proposed evidence, given the limited probative value and significant risk of unfair prejudice, it should order the government to avail itself of less prejudicial evidence of the prior conduct. Here, the government proposes calling the "individual who took [Mr. McGirt's] confession in the Oklahoma County case" and presenting "a certified copy of [Mr. McGirt's] hand written statement", which the government appears to quote on the first page of its brief. (Doc. 39 at 5, 19). The Tenth Circuit has recognized that district courts may offer a stipulation, as opposed to direct evidence of prior conduct, to reduce the prejudicial risk under the fourth *Enjady* factor. *United States v. Sturm*, 673 F.3d 1274, 1285-86 (10th Cir. 2012). Mr. McGirt respectfully reserves the right to request and draft a proposed stipulation should the Court decline his request to bar the proposed evidence.

### C.  The Proposed Evidence is Unfairly Prejudicial.

Rule 414 inherently carries a significant risk of unfair prejudice. Rule 414 evidence "carries great power," *Grigsby*, 2007 WL 9747765, at *1, and is "always

suspect", *McHorse*, 179 F.3d at 896, given the "risks" that "will be present every time" such propensity "evidence is admitted," *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998). *See also United States v. Patterson*, 20 F.3d 809, 814 (10th Cir. 1994) ("Evidence of prior bad acts will always be prejudicial.").

To be sure, steps can be taken in an effort to try to diminish the prejudicial effect. Limiting instructions, for example, are almost certainly appropriate -- the government has offered to request these instructions, and Mr. McGirt agrees that such instructions must precede any Rule 414 evidence. Likewise, limiting the time spent on Rule 414 evidence is essential to reduce the risk of unfair prejudice.  To the extent the Court admits any Rule 414 evidence, Mr. McGirt respectfully asks that the government be held to an efficient proof.  *See, e.g., Castillo*, 1999 WL 569054, at *2 (noting prior act evidence that "was essentially only two sentences" and "fleeting in character" would not have "inflamed the jury's passion so as to prejudice the defendant, nor confused or misled the jury").

But limiting instructions and a simplified presentation of the proposed evidence are plainly inadequate to resolve the risk of unfair prejudice in this case. The proposed evidence has little probative value. It is dissimilar from the instant charges. It does not significantly aid the jury in assessing the disputed material facts. It is not supported by the rationales that justify the use of the uniquely powerful Rule 414. For these reasons, it bears a significant risk of distracting the jury from the central issues of this case and invites jurors to improperly punish Mr. McGirt on the basis of prior acts for which he already accepted responsibility and served his punishment.

### D. The Proposed Evidence Should be Barred Because its Probative Value is Substantially Outweighed by a Danger of Unfair Prejudice.

District courts may have an obligation to liberally admit Rule 414 evidence, *Meacham*, 115 F.3d at 1492, but courts "cannot ignore the balancing requirement of Rule 403," *Mann*, 193 F.3d at 1173. Here, the Rule 403 analysis establishes that the proposed evidence has limited probative value. Relative to its limited value, this inflammatory evidence "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant <u>wholly apart</u> from its judgment as to his guilt or innocence of the crime charged." *United States v. Shaw*, 562 F. App'x 593, 597 (10th Cir. 2014). Indeed, the proposed evidence invites the jury to convict Mr. McGirt not for conduct underlying the current allegations, but for a 1988 incident for which he already served time "because a bad person deserves punishment." *Guardia*, 135 F.3d at 1330-31 (quoting *Old Chief v. United States*, 519 U.S. 172, 181 (1997)); *see also McHorse*, 179 F.3d at 896 ("To be sure, propensity evidence is always suspect because of the risk that the jury will convict a defendant on the basis of uncharged behavior."). The size of this risk depends on the individual case. *Guardia*, 135 F.3d at 1331. Given the distinguishing factors here, the proposed evidence should be barred because its probative value is substantially outweighed by a danger of unfair prejudice. In lieu of a pre-trial ruling barring the proposed evidence, Mr. McGirt respectfully requests that the Court reserve ruling on the admissibility of this evidence until after Mr. McGirt has cross-examined the alleged victims and other government witnesses, at which point the Court will have more context to aid its determination. *Koruh*, 2000 WL 342252, at *4 (noting "[t]he district court reserved ruling on the admissibility of the Rule 414 evidence until after the defendant cross-examined the alleged victims and other government witnesses").

II.   **The Government's Proposed Prior Act Evidence is Inadmissible Under Rule 404(b).**

Evidence proposed for admission under Rule 404(b) is subject to Rule 403. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). Rule 403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For the reasons stated above, the proposed evidence has limited probative value which is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. The proposed evidence is inadmissible under Rule 404(b), just as it is inadmissible under Rule 414.

CONCLUSION

Mr. McGirt prays that the Court issue an order barring the government's proposed evidence. In lieu of such a pre-trial ruling, Mr. McGirt respectfully requests that the Court reserve ruling on the admissibility of this evidence until after Mr. McGirt has cross-examined the alleged victims and other government witnesses.

WHEREFORE, the Defendant prays for the above requested relief.

Respectfully submitted to the Court and delivered to**:**

Sarah McAmis
AUSA
520 Denison Ave
Muskogee, OK 74401

as of September 25, 2020, by

/S/ T. Richard O'Carroll
Richard O'Carroll OBA # 11947
***O'Carroll  &  O'Carroll***
2171 N. Vancouver
Tulsa, OK  74127
(918) 584-4192
troc@cox.net

**ATTORNEY FOR MR. McGIRT**