## CERTIFICATE OF MAILING

I certify a copy of this writ of prohibition was given to correctional staff for mailing, first-class postage prepaid, April 05, 2021 to:

Sarah McAmis
520 Denison Ave.
Muskogee, OK 74401

Hon. John F. Heil III
P.O. Box 2459
Muskogee, OK 74402

Jimcy McGirt, Pro se Petitioner

FILED
APR 0 8 2021
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

## UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

In re Pro se Petitioner Jimcy McGirt.   )   CASE No.: _____
                                        )
                                        )   DISTRICT COURT No.: CR-20-50-JFH

## AFFIDAVIT TO SHOW GOOD CAUSE

I state under penalty of perjury that I have personal knowledge of the contents of this affidavit and petition for writ of prohibition as true and correct.

FURTHER, Affiant states that:

1. I am a pauper in federal custody at the Cimarron Correctional Facility, Cushing, OK and was granted pauper status for filing in the Wagoner County District Court, Oklahoma Court of Criminal Appeals, the United States Supreme Court since 2018 and the United States District Court for the Eastern District of Oklahoma, Muskogee, OK in August 2020, and remain a pauper.

2. I planned to complete this writ the week of March 29, 2021 thru April 2, 2021, but due to circumstances beyond my control I was not allowed to come to the law library¬an institutional security issue (searches for contraband).

3. I struggle with constant confusion, constant loss of recall and I inadvertently omit important facts and must repeat them.

4. This is not an attempt to delay any of the proceedings in this cause.

5. This situation was beyond my control and I lack the resources, the skills, training, and schooling to prepare and present my petitions, motions, and appeals.

THEREFORE, I pray the Court accept my excusable reason as good cause shown.

EXECUTED under penalty of perjury at CCF April 05, 2021.

Jimcy McGirt, Affiant

UNITED STATES COURT OF APPEALS FOR THE TENTH CURCUIT

| | |
|---|---|
| In Re Pro se Petitioner Jimcy McGirt ) | CASE No.: _____ |
| ) | |
| ) | District Court No.: CR-20-50-JFH |
| ) | |

PRISONER'S AFFIDAVIT OF INABILITY TO PAY

I Jimcy McGirt #04894509, a pauper in Federal custody at the Cimanron Correctional Facility, Cushing, OK (CCF), do state under penalty of perjury under 28 U.S.C. § 1746, that as a pauper I am unable to pay the costs or expenses of this writ of prohibition and seek to proceed pro se without prepaying fees or costs of this action and I believe I am entitled to relief.

FURTHER, Affiant states that:

I. PERSON IN HOUSEHOLD:

I am a 72-year-old- pauper in Federal custody, since August 12, 2020, unmarried, without any dependents.

II. FINANCIAL STATUS:

    a. INCOME OF DETAINEE: No income.
    b. MONEY OR ITEMS OF VALUE: No money market, checking or savings account, and no stock or bonds. No furniture, vehicles. Or items of value.
    c. HOME OR OTHER REAL ESTATE: No home, real estate property. I have no pending litigation for the recovery of money.

III. FINANCIAL LIABILITIES:

    a. No credit/charge accounts or child support.
    b. No monthly or weekly expenses.

IV. FILING FEES: I am a pauper without family or friends willing or able to help pay the expenses or costs of this action.

**I am unable to pay the court costs and fees of this action at this time.**

EXECUTED under penalty of perjury under 28 U.S.C. § 1746 at CCF April 2. 2021. I certify that I have personal knowledge of the contents of this affidavit as true and correct.

                                                                              Jimcy McGirt #04894509, Affiant 04/05/21
                                                                              3200 S. Kings Hwy
                                                                              Cushing, OK 74023

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| In Re Pro se Petitioner Jimcy McGirt, | ) | CASE No.: _____ |
| | ) | |
| | ) | DISTRICT COURT No.: CR-20-50-JFH |

## PRO SE PETITION FOR WRIT OF PROHIBITION

Pro se Petitioner Jimcy McGirt, a pauper in federal custody at the Cimarron Correctional Facility, Cushing, OK, a federal holding/transit facility, requests a writ of prohibition restraining United States District Court for the Eastern District of Oklahoma, Hon John F. Heil, from proceeding in this cause due to lack of subject-matter jurisdiction.

I. STATEMENT OF THE CASE:

1. July 09, 2020, the United States Supreme Court in *McGirt v. Oklahoma*, 591 U.S. ___, 140 S.Ct. 2452 (2020) (Held: For MCA purposes, land reserved for the Creek Nation since the 19th Century remains "Indian Country.") reversing a state court conviction, *State v. McGirt*, CRF-1996-0355.

2. July 31, 2020, or thereabout, a federal complaint was filed in the United States District Court for the Eastern District of Oklahoma, Muskogee, OK.

3. August 12, 2020, federal agents arrested me at the James Crabtree Correctional Center, Helena, OK.

4. August 14, 2020, I was arraigned on the same three sex charges.

5. November 06, 2020, following a three day trial, a federal jury convicted me of those charges, see Doc.s 110, and 121 pg. 1, para. 1.

6. November 17, 2020, I submitted my pro se 18a U.S.C. FRcrP Rule 47 motions (Rule 47 motions) as one document, see Doc 115, seeking to 1) dismiss trial counsel and co/counsels; 2) requested leave to proceed pro se[1], in forma pauperis in order to file my 18a U.S.C. FRcrP Rule 34 Arresting Judgment

---

[1] Pursuant to 28 U.S.C. § 1654 to personally conduct my own cause, which was enacted one day before the Sixth Amendment right to counsel was proposed; see also *Faretta v. California*, 422 U.S. 806, 819 (1985) (Constitutional right to self-representation); also *McKaskle v. Wiggins*, 405 U.S. 168, 177 n. 8

motion (Rule 34 motion); 3) to arrest the November 06, 2020 judgment of convictions as rendered without subject-matter jurisdiction, and requesting the judgment of convictions be dismissed as *void ab initio* and release me forthwith because I am Seminole/Mvskoke (Creek) Nations of Oklahoma by blood and by 1832, 1833, 1856, and 1866 Mvskoke Nation Treaties[2] the jurisdiction to prosecute me rests with the Mvskoke Nation[3].

7. November 24, 2020, or thereabout, because during the 2nd and 3rd days of trial, there was a complete breakdown in communication and an irreconcilable breakdown of the attorney/client relationship between counsels and me. Following my Rule 34 motion, trial counsel (counsel) submitted a Combined Motion to Withdraw as Attorneys of Record, Doc. 116.

8. December 07, 2020, using standards applicable to only pre-trial and trial standards, trail Court denied all motions¬including counsel's Docs. 119, 120, and 121.

9. December 09, 2020, counsel submitted his Second Motions to Withdraw as Attorneys of Record, DOC. 122 (motion).

10. December 30, 2020, I submitted my motion to reconsider the December 07, 2020 denials, *id.*, I never received a copy of the order denying my 12/30/20 motion to reconsider.

11. January 05, 2021, Court reset motion hearing from January 07, 2021 to January 22, 2021.

12. Former trial counsel does not communicate with me on any post-trial matters, but in mid-January I requested a visit and about February 24, 2021 he came here to Cimarron Correctional Facility.

13. The Court let it be known early that dates for my pre-sentencing and sentencing is set and Court is proceeding with his schedule without subject-matter jurisdiction, therefore, the need to prohibit him from proceeding. Court has me on some sort of fast-tract procedures¬see Dkt.

---

(1984) (noting the denial of the right to self-representation is not amenable to harmless error analysis).

2   The United States Constitution *directs* that federal laws *and treaties shall be the supreme Law of the Land*¬Article VI, clause 2¬Supremacy Clause. see *McGirt v. Oklahoma*, 591 U.S. ___, 140 S.Ct. 2452, 2462.
3   See *McGirt* 2452, 2459 (noting that By subjecting Indians to federal trials for crimes [allegedly] committed on tribal lands, Congress may have breached its promises to tribes like the Creeks that they could be free to govern themselves).

II FACTS IN SUPPORT:

A. Trial Court Used Inapplicable Standards in Denying all Motions:

14. December 07, 2020, Trail court denied all motions using standards applicable to only pre-trial or trial, see Docs, 119, 120, 121.

15. December 30, 2020, I submitted to the Court my Rule 47 motion to reconsider his denials, although counsel has not communicated any post-trail matters, Court sent the order denying it to counsel and I have yet to see a copy.

16. As shown by the record, my November 17, 2020, Doc. 115, Rule 47 motions to dismiss counsels and proceed pro se, in forma pauperis and Rule 34 motions are all post-trail and the Court's December 07, 2020 denials use inapplicable pre-trial and trial standards, see Doc.s 119, 120, and 121, and violates my 28 U.S.C. 1654 right to personally conduct my own cause and my right to self-representation under *Faretta,* and my Rule 34 Arresting Judgment motion challenging the Court's subject-matter jurisdiction as *void ab initio* and seeking dismissal and release forthwith. *Id.*

III. ARGUMENTS:

A.  By Denying my Rule 47 Motions, Trial Court Violates 28 U.S.C. § 1654 and *Faretta*:

17. As c;early shown by the record, trial Court denied my motion under § 1654 to proceed pro se, in forma pauperis and personally conduct my own cause; and my Sixth Amendment right to self-representation under *Faretta.*

B.  By Denying my Rule 34 Arresting Judgment Motion, Trial Court Violates my Statutory Right and Sixth and Fourteenth Amendments to be Tried in a Court of Competent Jurisdiction:

18. My Rule 34 Arresting Judgment is the appropriate remedy when challenging the Court's subject-matter jurisdiction.

19. As clearly shown by the record, my Rule 34 motion is post-trail and the Court's orders use standards applicable to only pre-trial and trial standards.

20. Since my January 22, 2021, due to threats due to my sex charges, I spent weeks locked in my cell

24X7 for protective measures without the use of a phone¬see enclosed affidavit.

21. I lack the resources, the skills, training, and schooling of an attorney in order to prepare and present arguments, motions, and appeals, but according to *Haines v. Kerner,* 404 US 519, 30 L Ed 2d 652, 92 S Ct 594 (1972), no matter how inartfully plead, I must be given an opportunity to offer supporting arguments and evidence.

22. As shown by the record, my November 17, 2020 Rule 47 motions to dismiss counsels and proceed pro se, in forma pauperis and Rule 34 motions are all post-trial, filed as one document, see Doc. 115, and the Court's December 07, 2020 orders denying them use inapplicable pre-trial and trial standards, Doc.s 119, 120, and 122, and violates my 28 U.S.C. 1654 statutory right to personally conduct my own cause and my constitutional right to self-representation under *Faretta v. California,* 422 U.S. 806, 819 (1985) (Constitutional right to self-representation); also see *McKaskle v. Wiggins,* 405 U.S. 168, 177 n. 8 (1984) (noting the denial of the right to self-representation is not amenable to harmless error analysis)

IV. SUBJECT-MATTER JURISDICTION NEVER WAIVED OR FORFEITED:

23. It is well settled that a judgment of conviction pronounced by a court without jurisdiction is *void ab initio,* the court no longer has jurisdiction to proceed. See *Johnson v. Zerbst,* 304 US 458, 468, 82 L Ed 1461, 58 S Ct 1019 (1938); see also *Ex parte McCardle,* 7 Wall 506, 514 (1869):

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

24. Objections to subject-matter jurisdiction, however, my be raised at any time. Thus a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 508 (2006). Indeed a party may raise such an objection even if the party had previously acknowledged a trial court's jurisdiction. *Ibid, Henderson v. Shinseki,* 562 U.S. 428, 434-35 (2011)

25. THEREFORE, I must be allowed to 1) dismiss counsels; 2) proceed pro se, in forma pauperis in order to file my Rule 34 Arresting Judgment motion challenging the November 06, 2020 judgment of

convictions as rendered without subject-matter jurisdiction and requesting the judgment of convictions be dismissed as *void ab initio*, and release me forthwith because I am Seminole/Mvskoke (Creek) Nations of Oklahoma by blood and by 1832, 1833, 1856, and 1866 Treaties the jurisdiction to prosecute me rests with the Mvskoke Nation.

IV. CONCLUSION:

A. REQUESTED REMEDY:

26. Because trial Court used inapplicable pre-trial and trial standards to deny my post-trial 18a U.S.C. FRcrP Rule 34 Arresting Judgment motion challenging the November 06, 2020 judgment of convictions as rendered without subject-matter jurisdiction and requesting the judgment of convictions be dismissed as *void ab initio*, and release me forthwith because I am Seminole/Mvskoke (Creek) Nations of Oklahoma by blood and by 1832, 1833, 1856, and 1866 Treaties the jurisdiction to prosecute me rests with the Mvskoke Nation and;

27. Petitioner seeks to restrain the United States District Court, Hon. John F. Heil, from proceeding in this cause and 1) consider his motion to reconsider arguments; 2) allow him to present his Rule 34 motion for disposition on the merits.

28. Because the Court is exercising jurisdiction where he lacks subject-matter jurisdiction and there is no speedy, or adequate remedy available to me but this writ of prohibition;

29. And for good cause shown, excuse the lateness of this writ. See enclosed affidavit.

WHEREFORE, the above considered, Petitioner request this writ of prohibition be granted.

EXECUTED under penalty of perjury under 28 U.S.C. § 1746 at Cimarron Correctional Facility April 05, 2021.

*Jimcy McGirt, 04/05/21*
Jimcy McGirt, Pro se Petitioner
Cimarron Correctional Facility
3200 South Kings Hwy
Cushing, OK 74023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JIMCY McGIRT,

        Defendant.

Case No. 20-CR-050-JFH

## ORDER

Before the Court is the Combined Motion to Withdraw as Attorneys of Record ("Motion") filed by T. Richard O'Carroll, Joe White, Jr. and Kate Thompson [Dkt. No. 116]. Within the Motion, pro bono counsel for Defendant Jimcy McGirt ("Defendant") request the Court grant them leave to withdraw. Dkt. No. 116. The Motion indicates that Defendant desires to proceed *pro se*. *Id.* Beyond Defendant's desire to proceed *pro se*, the Motion does not identify any reason necessitating the withdrawal. *See id.*

The Court has discretion to grant or deny the Motion. *United States v. Benavides*, 80 Fed. Appx. 78, 82 (10th Cir. 2003) (unpublished); *see also United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir. 1992). "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) (quoting *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir. 1981)). Another consideration is the timeliness of the motion. *Johnson*, 961 F.2d at 1490. The Court also notes that a "defendant has an unqualified right to self-representation only if the right is demanded before trial." *United States v. DeWilliams*, 28 Fed. Appx. 913, 918 (10th Cir. 2001) (unpublished) (citing *United States*

*v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990)). "If the right is not asserted before trial, it becomes discretionary with the trial court whether to allow the defendant to proceed pro se." *Id.*

Counsel T. Richard O'Carroll, Joe White, Jr. and Kate Thompson entered their pro bono appearances in this matter prior to trial. Dkt. Nos. 6, 96 and 97. They represented Defendant during the three (3) day jury trial. Dkt. Nos. 98, 99, 102 and 106. A guilty verdict on all three (3) counts was returned on November 6, 2020. Dkt. No. 110. The United States Probation Office is currently conducting a presentence investigation. Dkt. No. 106 at 2. Generally, appointed counsel's "responsibilities do not end when the verdict is announced or the sentence is imposed; the attorney is responsible for posttrial procedures and processes as well." *United States v. McIntosh*, 808 F. Supp. 760, 762 (D. Colo. 1992) (citing *Smotherman v. Beto*, 276 F. Supp. 579, 584 (N.D. Tex. 1967)).

Neither Defendant nor Defendant's counsel have identified any "good cause" to allow the withdrawal of Defendant's counsel. Neither has identified a conflict of interest, a complete breakdown of communication nor an irreconcilable conflict of any kind. The Court notes that no prejudice is asserted that Defendant might suffer if Defendant's counsel is not withdrawn. The Court further notes that Defendant's counsel are experienced and competent. Given the lack of prejudice to Defendant, the Court finds that factors such as disruption of the proceedings and delay weigh against allowing Defendant's counsel to withdraw at this time. *See United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990). Furthermore, the Court has denied Defendant's Pro Se Motion to Dismiss Counsel [Dkt. No. 115] by separate order. The Court does not find any good cause to allow Defendant's counsel to withdraw at this time – prior to the completion of Defendant's Presentence Report and sentencing hearing. For these reasons, the Combined Motion to Withdraw

as Attorneys of Record [Dkt. No. 116] filed by T. Richard O'Carroll, Joe White, Jr. and Kate Thompson is **DENIED**.

DATED this 7th day of December, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                  Case No. 20-CR-050-JFH

JIMCY McGIRT,

Defendant.

### ORDER

Before the Court is the "Pro Se Motion to Dismiss Counsel With FRcrP Rule 34 – Arresting Judgment – With Incorporated Brief" (the "Motion") [Dkt. No. 115] filed by Defendant Jimcy McGirt ("Defendant"). The title of the Motion expresses that Defendant seeks to proceed *pro se*. See Dkt. No. 115. Beyond the title, Defendant does not address the dismissal of his counsel again; instead, he states, "I reserve the right to supplement/amend this motion and request appointment of counsel for any and all hearings." Dkt. No. 115 at 4. The Court will treat Defendant's Motion as a request to proceed *pro se*.

A criminal defendant has a right under the Sixth Amendment to waive counsel and represent himself so long as he does so clearly and unequivocally in a knowing, intelligent and timely manner. See *Faretta v. California*, 422 U.S. 806, 835 (1975); *see also United States v. Beers*, 189 F.3d 1297, 130 (10th Cir. 1999). A defendant has an unqualified right to self-representation only if the right is demanded before trial. *United States v. DeWilliams*, 28 Fed. Appx. 913, 918 (10th Cir. 2001) (unpublished) (citing *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990)). "If the right is not asserted before trial, it becomes discretionary with the trial court whether to allow the defendant to proceed *pro se*." *Id.* "When exercising this discretion, the

trial court must 'balance whatever prejudice is alleged by the defense against such factors as disruption of the proceedings, inconvenience and delay, and possible confusion of the jury.'" *United States v. Williams*, 1999 WL 1206634, at *6 (10th Cir. 1999) (unpublished) (quoting *Mayes*, 917 F.2d at 462)). "The trial court should also consider 'the reason for the request and the quality of counsel representing the party.'" *Williams*, 1999 WL 1206634, at *6 (quoting *Mayes*, 917 F.2d at 462).

Here, Defendant does not identify any prejudice in proceeding with his current counsel. Defendant does not provide any reason for the request. Further, the Court notes that Defendant's current counsel represented Defendant through pre-trial motions, the Pretrial Conference, jury selection and the three (3) day jury trial. All three (3) of Defendant's attorneys are admitted to practice in the Eastern District of Oklahoma and all are in good standing with the Court. The Court does not have any concern regarding the quality of Defendant's counsel.

Defendant does not identify any good cause to allow withdrawal of his counsel. He does not identify a conflict of interest, a complete breakdown of communication or an irreconcilable conflict of any kind. Defendant also does not identify any prejudice that he might suffer if his counsel is not withdrawn. The Court notes that Defendant's counsel are experienced and competent. Given the lack of prejudice to Defendant, the Court finds that factors such as disruption of the proceedings and delay weigh against allowing Defendant's counsel to withdraw at this time. Furthermore, the Court notes a jury verdict has already been returned in this case and the case has been referred to the United States Probation Office for a presentence investigation. Dkt. No. 106. Permitting Defendant to proceed *pro se* at this juncture would likely disrupt and delay the United States Probation Office's presentence investigation as well as Defendant's sentencing hearing. Balancing these factors, the Court declines to permit Defendant to proceed *pro se*.

The Court also denies Defendant's request in the Motion to arrest judgment, as the Court is not permitting him to proceed *pro se* and he is represented by counsel. The Court need not consider a *pro se* filing when a defendant is represented by counsel who has not signed the document. *See e.g., United States v. Sandoval-De Lao*, 283 Fed. Appx. 621, 625 (10th Cir. 2008). A copy of this Order will be sent to counsel of record so that Defendant and his counsel may confer regarding a possible motion signed by counsel.

**IT IS THEREFORE ORDERED** that Defendant Jimcy McGirt's Pro Se Motion to Dismiss Counsel With FRcrP Rule 34 – Arresting Judgment – With Incorporated Brief [Dkt. No. 115] is **DENIED** without prejudice.

DATED this 7th day of December, 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 20-CR-050-JFH

JIMCY McGIRT,

Defendant.

## ORDER

Before the Court are the Motion to Proceed In Forma Pauperis, Pro Se [Dkt. No. 114], Pro Se Application for Relief/Motion to Stay Proceedings [Dkt. No. 117] and Amended Pro Se Application For Relief/Motion to Stay Proceedings [Dkt. No. 118] (collectively the "Motions") filed by Defendant Jimcy McGirt ("Defendant"). A jury trial in this matter was conducted November 4 – 6, 2020 and the jury returned a guilty verdict as to all three (3) counts charged in the Indictment. *See* Dkt. Nos. 98, 99, 102, 106 and 110.

The Motions are drafted and signed by Defendant. However, the Court notes that Defendant is represented by counsel who has not signed the Motions. Dkt. Nos. 6, 96 and 97. The Court need not consider a *pro se* filing when a defendant is represented by counsel who has not signed the document. *See e.g., United States v. Sandoval-De Lao,* 283 Fed. Appx. 621, 625 (10th Cir. 2008). A copy of this Order will be sent to counsel of record so that Defendant and his counsel may confer regarding a possible motion signed by counsel.

**IT IS THEREFORE ORDERED** that Defendant Jimcy McGirt's Motion to Proceed In Forma Pauperis, Pro Se [Dkt. No. 114], Pro Se Application for Relief/Motion to Stay Proceedings

[Dkt. No. 117] and Amended Pro Se Application For Relief/Motion to Stay Proceedings [Dkt. No. 118] are **DENIED** without prejudice.

DATED this 7th day of December, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE