FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

April 29, 2021

Christopher M. Wolpert
Clerk of Court

───────────────────────────────

In re: JIMCY McGIRT,

      Petitioner.

No. 21-7013
(D.C. No. 6:20-CR-00050-JFH-1)
(E.D. Okla.)

───────────────────────────────

**ORDER**

───────────────────────────────

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.

───────────────────────────────

Petitioner Jimcy McGirt has filed a pro se petition for writ of prohibition (Apr. 12, 2021). He asks this court to order the district court to consider his argument that only his tribe has jurisdiction to prosecute him. The district court has thus far refused to consider the argument because McGirt has presented it in pro se filings yet he remains represented by counsel.

This court evaluates a petition for a writ of prohibition under the same standard as a petition for a writ of mandamus. *See Sangre de Cristo Cmty. Mental Health Serv., Inc. v. United States (In re Vargas)*, 723 F.2d 1461, 1468 (10th Cir. 1983). A petitioner's entitlement to such an extraordinary writ must be "clear and indisputable." *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (internal quotation marks omitted). Thus, petitioners must "demonstrate a clear abuse of discretion, or conduct amounting to usurpation of the judicial power," and that "they lack adequate alternative means to obtain the relief they seek." *Id.* (internal quotation marks, citation, and brackets omitted).

We have considered McGirt's petition under these standards. We find that he has not demonstrated a clear and indisputable right to relief. We therefore deny the petition. We grant McGirt's motion to proceed *in forma pauperis*.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk
