FILED
United States Court of Appeals
Tenth Circuit

June 4, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 21-7019 |
| JIMCY McGIRT, | (D.C. No. 6:20-CR-00050-JFH-1) (E.D. Okla.) |
| Defendant - Appellant. | |

_____

**ORDER**
_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

This matter is before the court on Appellant Jimcy McGirt's response to the court's April 28, 2021 order to show cause why this interlocutory criminal appeal should not be dismissed for lack of appellate jurisdiction. Upon consideration of the response, the district court's docket, and the applicable law, the court dismisses the appeal for the reasons set forth below.

Mr. McGirt, who is represented by pro bono counsel in his criminal case, has been convicted by a jury in the United States District Court for the Eastern District of Oklahoma. He has not yet been sentenced. Shortly after trial, Mr. McGirt filed a pro se Fed. R. Crim. P. 34 motion to arrest judgment. The district court denied the motion indicating it would not consider a pro se filing from a represented defendant. Mr. McGirt subsequently filed a pro se motion to reconsider. On April 14, 2021, the district court

entered a minute order reflecting that, at a motions hearing held earlier that day, Mr. McGirt withdrew his motion to reconsider. Accordingly, the district court denied the motion. This pro se appeal followed.

Generally, "[t]he final judgment rule prohibits appellate review in a criminal case until conviction and imposition of a sentence." *United States v. Walker*, 915 F.2d 1463, 1465 (10th Cir. 1990). Although the collateral order doctrine permits appellate review of certain interlocutory decisions, "because of the compelling interest in prompt criminal trials, [the doctrine is applied] with the utmost strictness in criminal cases." *Flanagan v. United States*, 465 U.S. 259, 265 (1984). To fall within this doctrine, the district court's order must: (1) conclusively determine, (2) an important issue separate from the merits of the case, that (3) will be effectively unreviewable once final judgment is entered. *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014).

Mr. McGirt has not established that either the denial of his original motion to arrest judgment or the denial of his motion to reconsider is an appealable collateral order. Accordingly, this court lacks jurisdiction to consider this appeal.

APPEAL DISMISSED.

Entered for the Court<br>
CHRISTOPHER M. WOLPERT, Clerk

*Olenka George*

By: Olenka M. George<br>
Counsel to the Clerk