## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JIMCY MCGIRT,

                Defendant.

Case No. 20-CR-050-JFH

### OPINION AND ORDER

Before the Court is the pro se motion for leave to proceed in a hybrid representative capacity ("Motion") filed by Defendant Jimcy McGirt ("Defendant"). Dkt. No. 240. For the reasons set forth, the Motion is DENIED.

### BACKGROUND

On July 31, 2020, a complaint was filed, alleging that between August 8 and August 15, 1996, Defendant committed aggravated sexual abuse, in violation of 18 U.S.C. §§ 1151, 1153, and 2251. Attorney Richard O'Carroll entered an appearance as counsel for Defendant on August 14, 2020. Dkt. No. 6. Defendant was subsequently indicted on two counts of aggravated sexual abuse and one count of abusive sexual contact. Dkt. No. 32. A jury trial commenced on November 4, 2020. Dkt. No. 99. Attorneys Joe White and Kate Thompson joined Mr. O'Carroll in representing Defendant during the trial. Dkt. No. 96; Dkt. No. 97. The jury found Defendant guilty as to each of the charges against him. Dkt. No. 111.

After the trial, Defendant filed a pro se motion to dismiss his counsel and for leave to file a pro se motion to dismiss the case for lack of subject matter jurisdiction. Dkt. No. 115. In light of Defendant's motion, Mr. O'Carroll, Mr. White, and Ms. Thompson moved to withdraw. Dkt. No. 116. Without leave of court, Defendant filed several pro se motions, including the motion to

dismiss for lack of jurisdiction.  Dkt. No. 114; Dkt. No. 117; Dkt. No. 118.  The Court denied the pro se motions because Defendant was represented by counsel.  Dkt. No. 121.  Ultimately, Mr. White and Ms. Thompson were permitted to withdraw.  Dkt. No. 126.  Mr. O'Carroll remained in the case through sentencing.  Dkt. No. 149.  Defendant appealed his sentence.  Dkt. No. 183.  At that point, Mr. O'Carroll was permitted to withdraw, and appellate counsel was appointed.  Dkt. No. 190.

The Tenth Circuit Court of Appeals reversed and remanded the case for retrial.  Dkt. No. 208.  Mr. O'Carroll resumed his representation of Defendant upon remand.  Dkt. No. 207.  On August 23, 2023, attorney Julia Allen entered an appearance as co-counsel for Defendant.  Dkt. No. 223.  A second jury trial was scheduled for September 11, 2023.  Dkt. No. 211.  A pretrial conference was held on August 31, 2023.  Dkt. No. 225.  At the pretrial conference, Mr. O'Carroll advised the Court that Defendant was requesting permission to file pro se motions even though he was represented by counsel.  The Court denied the request, stating that any motions Defendant wished to file could be filed through counsel.  On September 7, 2023, Defendant filed the instant Motion seeking hybrid representation.  Dkt. No. 240.  Specifically, Defendant asks the Court to reconsider his request to file pro se motions, while retaining Mr. O'Carroll and Ms. Allen to represent him at trial.  *Id*.

## DISCUSSION

"Although the hybrid nature of hybrid representation derives from two distinct constitutionally guaranteed rights—the right of self-representation and the right to counsel in criminal cases—there is no constitutional right to hybrid representation itself."  *United States v. Jenkins*, 540 F. App'x 893, 897–98 (10th Cir. 2014) (citing *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir.1976)); *Hill*, 526 F.2d 1019, 1025 (10th Cir.1975) ("The Sixth Amendment does not

give any indication that hybrid representation is a right of constitutional dimensions."); *see also United States v. Treff,* 924 F.2d 975, 979 n. 6 (10th Cir.1991) ("It should be noted that a defendant has no right to hybrid representation and a request to proceed in such a manner is not deemed an election to proceed *pro se.*").   Accordingly, the Tenth Circuit recognizes permission for hybrid representation "as being discretionary with the trial court."  *Bennett,* 539 F.2d at 49; *see also Treff,* 924 F.2d at 979 n. 6 ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court.").

Here, Defendant argues he will be greatly prejudiced if he is not permitted to present his challenges to the Court's subject matter jurisdiction and the constitutionality of his prosecution. Dkt. No. 240 at 2-3.  However, Defendant does not explain why these challenges cannot be made through his attorneys.  As the Court advised at the August 31, 2023 pretrial conference, Defendant may confer with his counsel, who may file motions on his behalf if they are well-grounded in fact and law.  However, the Court has strong reservations about granting Defendant leave to file pro se motions that neither of his two competent attorneys are willing to file.

IT IS THEREFORE ORDERED that Defendant's Motion for Leave to Proceed in a Hybrid Representative Capacity [Dkt. No. 240] is DENIED.

Dated this 13th day of September 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE