**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-20-050-JFH** |
| **JIMCY McGIRT,** | |
| *Defendant.* | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S NOTICE OF EXPERT TESTIMONY**

COMES NOW, the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Sarah McAmis, and respectfully submits its Objection to the Defendant's Notice of Expert Testimony. (Doc. 248).

The Defendant's Notice states that Dr. Alissa Sherry will offer opinions on a variety of issues including the "[s]uggestibility of children; [t]he nature and effect of police interrogation tactics of child and adult witnesses regarding allegations of sexual abuse; [t]he proper interview procedures of a child and importance of forensic interview [*sic*]; [t]he nature and effect of cognitive bias and discrimination for child and adult witnesses; [t]he motivations for false allegations and alienation among family members; [and o]bjective characteristics of a three or four year old and ability to recall." (*Id.* at 1-2). Assuming that Dr. Sherry has the proper background, training, and experience to offer her expert opinions on these subjects, and assuming that she will offer her expert opinions in general terms and not as specifically applied to the case at bar, the Government has no objection to the Defendant's Notice.

However, the Defendant's Notice also states that Dr. Sherry will offer opinions on her "[r]eview of statements and reports" and "[c]an testify in support of Daubert challenges to

Plaintiff's expert witnesses."   The Government respectfully objects to each of those proposed subjects.

As previously argued to the Court, the Government's experts will testify as "blind" experts and will not testify as to any of the specifics of the case at bar.   The Government's experts have not reviewed the facts or reports in this case and will not offer any opinions on the credibility or veracity of any witness.   Although it is unclear what the Defendant intends by delineating that Dr. Sherry will opine about her "review of statements and reports," it would be improper for her to opine regarding any specifics about the same.   To do so would invade the province of the jury and should not be permitted.

An expert witness invades the province of the jury when she opines on whether a witness was actually abused.   *See, e.g., United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993) ("Because jurors are equally capable of considering the evidence and passing on the ultimate issue of sexual abuse, . . . a doctor's opinion that sexual abuse has in fact occurred is ordinarily neither useful to the jury nor admissible.").   At the state-court sexual-abuse trial that culminated in *Hellums v. Williams*, 16 Fed. App'x 905 (10th Cir. 2001) (unpublished), the prosecution offered the expert testimony of a clinical psychologist who said that "he found no reason to question the victim's allegations of sexual abuse." *Id.* at 911.   And a child and family counselor "affirmatively indicated [in testimony] that the abuse had occurred based on the victim's statements to" the counselor. *Id.* at 910-911.   Each instance of an expert witness passing judgment on the credibility of the alleged victim invaded the province of the jury, the Tenth Circuit held. *Id.* at 911.   To the extent that the Defendant intends to offer into evidence Dr. Sherry's opinions regarding the credibility of any witnesses or the veracity of any allegations, such testimony would be improper. Judge White excluded a proposed defense witness on this basis in a sexual-abuse trial.   *United States v. Harjo*, no. CR-21-22-RAW (E.D. Okla. Nov. 12, 2021), ECF #93, at 1 ("Such testimony

would clearly invade the province of the jury.  Experts may not opine on another witness's credibility.").

The Defendant also offers that Dr. Sherry "can testify in support of Daubert challenges." (Doc. 248 at 2).  Although the Defendant has requested that Daubert hearings be held on the Government's experts, this Court has explained that it can perform its gatekeeping function without the need for such hearings.  This Court also invited the Defendant to provide any additional authority in support of his request for hearings; however, the Defendant has not done so.  As such, the Government also objects to that portion of the Defendant's Notice.

## CONCLUSION

As set forth above, the Government submits this Objection to the Defendant's Notice of Expert Testimony.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Sarah McAmis
SARAH McAMIS, OBA # 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100
sarah.mcamis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Richard O'Carroll, Counsel for Defendant

s/    Sarah McAmis
SARAH McAMIS
Assistant United States Attorney