IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMCY MCGIRT,<br><br>Defendant. | Case No. 20-CR-050-JFH |

**OPINION AND ORDER**

Before the Court is a supplemental notice of intent to introduce evidence of other child molestation pursuant to Federal Rule of Evidence 414 ("Notice") filed by the United States of America ("Government"). Dkt. No. 219. For the reasons stated, the evidence described in the Notice is NOT ADMISSIBLE.

**BACKGROUND**

Defendant is charged with two (2) counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(B & C) and one (1) count of abusive sexual contact, in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), 2244(a)(5), and 2246(3). Dkt. No. 32. The alleged victim in this case is B.B. [Dkt. No. 32], who was Defendant's step-granddaughter. She was four years old at the relevant time. Dkt. No. 198 at 45-47. The indictment alleges that on or about August 8, 1996, continuing until on or about August 15, 1996, Defendant penetrated B.B.'s vagina with his finger, touched her vagina with his mouth, and caused her to touch his penis. *Id.* Following a trial in November 2020, a jury found Defendant guilty on all three counts. Dkt. No. 111. Defendant appealed, and the Tenth Circuit Court of Appeals reversed the verdict based on a jury instruction issue. Dkt. No. 208. A second jury trial is set for December 11, 2023. Dkt. No. 246.

Before the first jury trial, the Court considered and denied the Government's request to introduce evidence of other instances of child molestation by Defendant, pursuant to Federal Rule of Evidence 414. Dkt. No. 86. The Government now requests that the Court reconsider its ruling based on new evidence that the other instances of child molestation are similar to the instances of abuse alleged in this case.[1] Dkt. No. 219.

## AUTHORITY AND ANALYSIS

I. **Rule 413/414**

   A. ***Benally* Legal Standard**

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *Benally*, 500 F.3d at 1089 (citing Fed. R. Evid. 404(a)). However, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). "Rule 414(a) contains identical language related to accusations of child molestation." *Benally*, 500 F.3d at 1090. Because the language and standards are identical, the Court adopts the Tenth Circuit's convention of referencing evidence offered under either of these provisions as "Rule 413/414 evidence." *See id.*

> Rule 413/414 evidence
>
>> must meet three threshold requirements before it may be considered for admission . . .

---

[1] The sole issue presented in the Government's Notice is whether evidence of Defendant's prior convictions for child molestation are admissible under Rule 414. Dkt. No. 219 at 3. In its Notice, the Government acknowledges that, in its initial Order on this issue, the Court considered whether the evidence was admissible pursuant to Rule 404(b) and found that it was not. *Id.* The Government does not seek reconsideration of that ruling. *Id.*

> (1) the defendant is accused of a crime involving sexual assault or child molestation;
>
> (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation; and
>
> (3) the evidence is relevant.

*Id.* Once evidence meets *Benally*'s initial requirements, it is still "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (internal quotation marks and citation omitted); *see* Fed. R. Evid. 403.

### B.  *Benally* Analysis

*Benally* first requires a defendant be accused of a crime involving sexual assault or child molestation. For purposes of Rules 413 & 414, sexual assault is defined in relevant part as "any conduct prohibited by 18 U.S.C. chapter 109A" and child molestation is defined in relevant part as "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child [under the age of fourteen (14)]." Fed. R. Evid. 413(d)(1); Fed. R. Evid. 414(d)(1)-(2). In this case, Defendant is charged with three (3) counts of conduct prohibited by chapter 109A against a child under the age of twelve (12). Dkt. No. 32. The first requirement is met.

*Benally* next requires that the proffered evidence involves other sexual assault or child molestation. The Government seeks to introduce evidence that Defendant pleaded guilty to forcibly sodomizing the two previous victims, which is also conduct prohibited by chapter 109A, as it is "intentional touching, either directly or through the clothing, of the genitalia . . . of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The second requirement is met.

3

Finally, *Benally* requires the proffered evidence be relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence." Fed. R. Evid. 401. Relevance of Rule 413/414 evidence is explained by its legislative history, which relied "on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (internal quotation marks and citation omitted); *see also* 23 Charles Alan Wright et al., *Fed. Prac. & Proc. Evid.* § 5385 (April 2020 update) ("The legislative history makes clear that the drafters and Congress believed that evidence under Rules 413, 414, and 415 is relevant to prove propensity and that this includes the defendant's propensity to commit sexual assault or child molestation."). The third requirement is met.

All three *Benally* threshold requirements are satisfied. The Court next turns to Rule 403.

## C. *Enjady* Legal Standard

"[A] district court must recognize the congressional judgment that Rule [413/414] evidence is normally to be admitted." *United States v. Enjady*, 134 F.3d 1427, 1434 (10th Cir. 1988). However, before allowing admission, the district court must "fully evaluate the proffered evidence and make a clear record of the reasoning behind its findings" as to Rule 403 and its required balancing test. *Benally*, 500 F.3d at 1091 (quotation omitted). To assess Rule 403's requirements in the context of Rule 413/414 evidence, courts weigh: "(1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence," against "(1) how likely [it is] such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central

issues of the trial; and (3) how time consuming it will be to prove the prior conduct." *Enjady*, 134 F.3d at 1433.[2] No single factor of the *Enjady* test is dispositive. *United States v. Mann*, 193 F.3d 1172, 1175 (10th Cir. 1999).

### D. *Enjady* Analysis of Probative Value

#### 1. How clearly the prior act has been proven

Before considering the other *Enjady* factors, the Court must "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." *Benally*, 500 F.3d at 1090. Similar acts "must be established by sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Enjady*, 134 F.3d at 1433 (quotation omitted). Non-exhaustive examples of sufficient evidence include police reports, transcribed phone calls, Facebook conversations, interviews of witnesses, FBI 302 interview reports, other written materials such as victim deposition transcripts, and judicial records demonstrating that prior acts of child molestation resulted in guilty pleas and convictions. *See United States v. Nieto Regalado*, No. 19-CR-114, 2019 WL 5783730, at *2 (N.D. Okla. Nov. 6, 2019); *United States v. Perrault*, No. 17-2558, 2019 WL 1332584, at *2 (D.N.M. Mar. 25, 2019); *United States v. Vafeades*, No. 14-CR-153, 2015 WL 9273936, at *4 (D. Utah. Dec. 18, 2015); *United States v. McGirt*, 20-CR-50 at Dkt. No. 86 (E.D. Okla. Oct. 28, 2020).

Here, the Defendant pleaded guilty to two counts of forcible sodomy in Oklahoma County case number CF-1988-7086.[3] This evidence is sufficient for the Court to find that a jury could

---

[2] The second *Enjady* factor—probative value—involves five additional subfactors: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91.

[3] The Government described this in its Notice but did not submit any evidence in support. Dkt. No. 219. The Government is hereby reminded of the well-established rule that statements,

reasonably find by a preponderance that the other acts of child molestation occurred. This factor weighs toward the probative value.

### 2. Factors demonstrating probative value

To fully assess the probative value of Rule 413/414 evidence, courts must consider five additional subfactors: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Batton*, 602 F.3d at 1198. As set forth in the Court's original order on this issue, "the genders, settings, relationships between the victims and Defendant, and the manner in which Defendant came into contact with the victims are entirely different between the circumstances of the prior convictions and the current allegations." Dkt. No. 86 at 7. In its Notice, the Government argues that the Court should reconsider this conclusion based on new evidence regarding the similarity between the prior acts and the conduct alleged in this case, including evidence that in each instance of child molestation Defendant: (1) preyed on the victims because they came from troubled backgrounds [Dkt. No. 219 at 5-6]; (2) told each of the victims not to disclose the abuse [*Id.* at 7]; (3) stated that he was spending time with the victims because they were helping him "work" [*Id.* at 6-7]; (4) claimed that he could not have committed the acts because he did not have the opportunity to be alone with the victims [*Id.* at 3-4]; (5) made statements about the length of time committing the acts of abuse would take [*Id.* at 7]; and (6) eventually admitted the abuse but blamed his actions on other people and circumstances [*Id.* at 4-5]. The Court finds that the

---

arguments, and questions by lawyers ***are not evidence***. *See United States v. Fleming*, 667 F.3d 1098, 1106 (10th Cir. 2011). The Court exercises its discretion to take judicial notice of publicly-filed records in the Oklahoma state court system concerning these matters, which bear directly upon the disposition of the case at hand. *See United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007).

evidence regarding Defendant's statements and conduct surrounding the acts of abuse does not change its conclusion regarding the acts' probative value.

While the Court may admit prior act evidence to show a "pattern of grooming," the evidence here does not establish such a pattern. *United States v. Perrault*, 995 F.3d 748, 767 (10th Cir.), *cert. denied*, 142 S. Ct. 472, 211 L. Ed. 2d 286 (2021).  The Government argues that Defendant targeted victims from troubled backgrounds and that he interacted with them by having the help him "work." Dkt. No. 219 at 5-6. This assertion, particularly with respect to the prior victims, is not supported evidence in the record.[4]

With regard to the time lapse between the prior acts of child molestation and the charged conduct in this case, Defendant pleaded guilty to the prior acts in 1988. The charged conduct in this case occurred in 1996. This period of years between the acts weighs against the prior acts' probative value. Because the record is not clear regarding the frequency with which the prior acts occurred, the Court cannot evaluate this factor. It weighs neutrally. The Government identifies no intervening events and does not discuss the need for additional evidence. Therefore, these factors also weigh neutrally. Considering all the probative value factors that go to the probative value of the prior acts of child molestation together, the Court concludes that they weigh against admission.

---

[4] The Government contends that Defendant preyed on victims from troubled backgrounds. Regarding the prior victims, the Government points to alleged statements by Defendant that he "felt sorry" for the victims, paid them to do work for him, and took them for ice cream. Dkt. No. 219 at 5. The Government also references statements by the prior victims, their mother, and Defendant, all of which mention the victims helping Defendant with maintenance work at the apartment complex where the victims lived. Dkt. No. 219 at 6. The Court is not convinced that if true, these statements establish a pattern of grooming. However, the Court cannot even verify the veracity of these statements because the Government has not provided sufficient evidentiary support. While the Government cites bates numbered documents 512, 514, 515, 520, 533, and 534, it is unclear whether these documents appear in the record and if so, where.

### 3. How seriously disputed the material fact is

"The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." *United States v. Sturm*, 673 F.3d 1274, 1286 (10th Cir. 2012). Here, the parties' dispute over whether Defendant sexually abused B.B. is the central issue of the case. This weighs toward admission.

### 4. Availability of less prejudicial evidence

The Government does not discuss this factor, and thus, the Court cannot adequately evaluate it. This factor is therefore neutral. Considered together, the weight of the *Enjady* factors supports the Court's conclusion that the evidence does not have sufficient probative value to favor admission. However, this is not the end of the inquiry. The Court must also weigh these factors against the unfair prejudice factors to determine if the evidence should ultimately be admitted. *Enjady*, 134 F.3d at 1433.

### E. *Enjady* Analysis of Prejudicial Dangers

### 1. Risk of improperly based verdict

Admitting evidence of Defendant's two prior convictions for child molestation would be extremely prejudicial. *United States v. Guardia,* 135 F.3d at 1326 at 1330 (10th Cir. 1998) (recognizing that all evidence submitted under Rule 414 carries "strong prejudicial qualities"). Given that Defendant pleaded guilty to the charged conduct, the likelihood that the convictions would provoke an emotional response from the jury or tend to adversely affect the jury's attitude toward Defendant's guilt of the charged conduct in this case is high. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (discussing unfairly prejudicial evidence).

2. **Risk of distraction**

Due to the nature of the prior convictions and their low relative probative value, the risk that the evidence will confuse the jury and distract it from the core issue in the case is also high.

3. **Time considerations**

As previously discussed, Defendant's prior convictions for child molestation are matters of public record. If admitted, such evidence could be presented efficiently.

Considering the *Enjady* factors together, the Court concludes that, under Rule 403, the probative value of Defendant's prior convictions is outweighed by the risk of unfair prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's Notice [Dkt. No. 219] is NOT ADMISSIBLE.

Dated this 15th day of November 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

9