Prob12C

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Oklahoma

## Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   Jimcy McGirt                Case Number: CR-20-00050-001-JFH

Name of Judicial Officer: The Honorable John F. Heil, III

Date of Sentence after Remand: May 2, 2024

Original Offense: Ct. 2 Aggravated Sexual Abuse in Indian Country

Sentence after Remand: Ct. 2: 360 months; followed by 5 years supervised release

Type of Supervision:  Supervised Release           Date Supervision Commenced: May 7, 2024

---

### NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Mandatory Condition** | **You must not commit another federal, state or local crime.** |
| **Standard Condition #5** | **You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer…** |
| **Special Condition** | **The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult…** |
| | On August 31, 2024, the United States Probation Officer received information that Mr. McGirt failed to register as a sex offender at a new residence within the boundaries of Seminole Nation and associated with children under the age of 18 without being in the presence of a responsible adult. |

1

On Saturday, August 31, 2024, the United States Probation Officer received a call from Seminole Nation Lighthorse Police Officer Zachary Jared reporting that he was arresting Mr. McGirt for failure to register as a sex offender at an address that is within the boundaries of Seminole Nation. Officer Jared stated that Mr. McGirt told him that his USPO knew that he was staying at his son Steven McGirt's residence. USPO advised that Mr. McGirt was registered and was supposed to be staying in Spaulding, OK. Officer Jared was also told that Mr. McGirt never reported a new address, and only made statements that he was trying to obtain housing through the Seminole tribe. Officer Jared was advised that the only other address that Mr. McGirt has been allowed to stay at was his sister's residence in Holdenville, OK. Mr. McGirt was given permission to stay at his sister's residence for one night due to him having eye surgery and his sister was his ride to and from the doctor's appointment. Officer Jared stated that Mr. McGirt reported that he was staying at his son's residence due to his car being broken down and admitted to staying at the residence since Sunday, August 25, 2024. Officer Jared was advised that USPO was told by Mr. McGirt that his vehicle broke down but never indicated that he was permanently staying at his son's residence away from his registered address or else he would have been advised of his duty to register. Officer Jared advised that since Mr. McGirt was staying at that address for more than three (3) days, he is required to register in accordance with Seminole Nation tribal law. Officer Jared advised USPO that he would be taking Mr. McGirt into custody and Mr. McGirt would be housed in the Seminole County jail for the new law violation.

On September 2, 2024, the United States Probation Officer received the police report completed by Officer Jared regarding the incident that took place Saturday, August 31, 2024, involving Mr. McGirt.

According to Seminole Nation police report No. SN24-0370, Seminole Nation Lighthorse police officer Zachary Jared was dispatched to a residence located in the Rolling Meadows housing edition which is within the boundaries of Seminole Nation for a possible kidnapping attempt. Officer Jared arrived at the scene and spoke with Justin Smith and his wife Michelle Smith regarding an incident that took place earlier in the evening and that was described to them by their two minor male children. According to the Smith's two minor male children, they were playing at a nearby park close to the residence when they were approached by a man, who was later identified as Jimcy McGirt. The playground was located just north of the residence and within the boundaries of Seminole Nation Reservation. The children claimed that the man in question approached them and asked them questions about where they lived. Also, Mr. McGirt asked them questions about if they liked snakes and if they had food at their residence, specifically "sofke." Michelle Smith advised that one of her children advised her that Mr. McGirt reported that he was "Reba's grandpa and lived at Reba's house". The address in question was located within the Seminole Nation Reservation. Officer Jared proceeded to

2

address identified by Michelle Smith and confirmed to be 35291 EW 1190 lot 101. Officer Jared made contact with a man identified as Steven McGirt at the identified residence. Steven, the son of Mr. McGirt was asked if his father Jimcy McGirt was at the residence, Steven motioned Officer Jared in the residence and opened the door completely. Another man identified as Jimcy McGirt came to the door to speak with Officer Jared. Officer Jared asked Mr. McGirt of his whereabouts for the day to which he replied that he "doesn't go anywhere near the kids in the neighborhood". Officer Jared asked Mr. McGirt how long he had been staying at the residence and if he had notified the tribal sex offender registration officer to report his presence at the residence. Mr. McGirt reported that he contacted his federal probation officer and advised that his vehicle broke down and would be staying until it was fixed. Officer Jared spoke with his Lieutenant who advised that whether Mr. McGirt notified his federal probation officer or not, he was still required to appear in person to register with Seminole Nation of Oklahoma within three (3) business days. See SNCL 6C-5-502(3). After informing Mr. McGirt that he was going to be taken into custody, Mr. McGirt requested to retrieve his shoes as well as other personal items. Officer Jared accompanied Mr. McGirt through the residence to retrieve those items.   Officer Jared went into the room on the west side of the residence and at the request of Mr. McGirt, Officer Jared grabbed his wallet off a piece of furniture next to the bed that was being used for a nightstand. Also in the room was multiple document folders which Mr. McGirt stated contained all his paperwork from his federal court case. According to Officer Jared, he thought it unusual that someone would carry that many documents around with them on a day-by-day basis. He also recognized items that indicated that Mr. McGirt would be staying at the residence on a more permanent basis. Officer Jared transported Mr. McGirt to the Seminole County jail where he remains in custody.

On September 6, 2024, official charges were filed in Seminole Nation District Court Case No. CF-2024-88. Mr. McGirt has been officially charged with Count 1: Unlawful for Registered Sex Offender to Reside within 2,000 feet of school, playground, park, childcare facility; Count 2: False or Misleading Sex Offender Registration Information and Count 3: Failure to Register as a Sex Offender. On September 13, 2024, an Amended Criminal Complaint was filed in Seminole Nation District Court adding an additional charge of Count 4: Unlawful for Registered Offender to Loiter within 500 feet of school, playground, park, childcare facility.

**Standard Condition #13**     **You must follow the instructions of the probation officer related to the conditions of supervision.**

**Special Condition**     **The defendant shall consent to the United States Probation Officer conducting periodic unannounced examinations, without individual showing reasonable suspicion, on any computer equipment… and allow at the direction of the probation officer, installation, at the defendant's**

3

**expense, any hardware or software systems to monitor the defendant's computer use.**

On July 19, 2024, during a personal contact at Mr. McGirt's sister's residence, Mr. McGirt was found to be in possession of a mobile phone which had access to the internet, including a personal social media page. This included a private messenger app that he used to speak with multiple females as well as family members. Mr. McGirt was directed to delete his social media page and that he could not have access to the internet unless it is monitored by the United States Probation Office. USPO allowed Mr. McGirt to keep his phone so that he may be contacted by USPO and by the Sex Offender treatment counselor. On July 22, 2024, Mr. McGirt went to the AT&T store to obtain a phone that was compatible with the computer monitoring software. He was provided with prices of phones that were compatible and opted not to obtain a new phone. Mr. McGirt reported that he had an employee at the AT&T store delete his social media page. He was directed to remain off the internet until monitoring software could be installed on a compatible phone and if he did not get a phone compatible, he was not allowed to access the internet and/or USPO would confiscate his phone. On July 24, 2024, during a phone call with Mr. McGirt, he stated that after consideration, he decided to not get a new phone that could be monitored, rather he would remain off the internet as instructed. He cited his financial situation as the reason for not wanting to get a new phone. He also stated that he would get parental controls on his phone to block him from accessing certain sites. He was again reminded to remain off the internet. On August 20, 2024, during a personal contact at Mr. McGirt's registered address, Mr. McGirt's mobile phone was observed. USPO investigated the contents within the mobile device. USPO found Mr. McGirt's social media page still activated and Mr. McGirt having access to the internet and using a Gmail account (warroomlegend@gmail.com). Furthermore, USPO found photos on Mr. McGirt's mobile device that were uploaded from another social media app account. Mr. McGirt denied having any knowledge of where the photos came from. He was once again, directed not to have access to the internet without it being monitored. He cited having access to his Church's pastor as the reason for his social media page.

| | |
|---|---|
| **Special Condition** | **The defendant shall attend and participate in a mental health program and/or sex offender treatment program as approved and directed by the Probation Officer. The defendant shall abide by program rules… including polygraph testing…** |

On August 5, 2024, Mr. McGirt failed to appear for his scheduled polygraph examination. He cited that he simply "forgot" as the reason for him not appearing for his polygraph. On August 6, 2024, Mr. McGirt failed to attend his scheduled sex offender treatment group. After being verbally reprimanded for missing his scheduled polygraph and treatment session, Mr. McGirt

rescheduled his polygraph and texted USPO that it would not happen again. On August 27, 2024, Mr. McGirt failed to attend his scheduled SO treatment group. Prior to the SO treatment session, he contacted the SO treatment counselor and advised that he would be running late due to his ride running late but he never appeared for his sex offender treatment session as scheduled.

U.S. Probation Officer Recommendation:

[X]    The term of supervision should be
    [X]    Revoked

    Reviewed and approved,               Respectfully submitted,

,    s/ Robert L. Gwin         by:    s/ Christopher Villanueva

    Robert L. Gwin               Christopher Villanueva
    Supervisory U. S. Probation Officer    U.S. Probation Officer
    Date: September 13, 2024           Date: September 13, 2024

THE COURT ORDERS
[   ]    No Action
[ X ]    Continue with Warrant issued on September 3, 2024
[   ]    The Issuance of a Summons
[   ]    Other

Dated this 16th day of September 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

5